LAURA CLARK *vs.* GILES HARRINGTON and JOHN McGREGOR. GRAND-ISLE, January, 1832.

Under the plea of *not guilty* in *trespass*, and notice of a former recovery by the defendant in a suit for the same cause of action, the proof must be such as would support a good plea in bar, if pleaded specially.

The action of *trespass* for the actual taking and carrying away of personal property is not barred by the defendant's having recovered judgement in a suit brought by the same plaintiff for the same property, commenced before the actual removal of the property, the first attachment being upon a writ against a third person.

Several actions will not lie for different parcels of goods taken at the same time.

Action of *trespass* for taking and carrying away 800 pieces of pine boards and five hogs. Plea, *not guilty*, and notice that defendant would give in evidence a former recovery by him in a suit brought by the plaintiff for the same trespass. On the trial in the county court the following facts were proved :

On the 15th day of April, 1829, *Harrington* sued out a writ of attachment against one Tracy, on which the property in question was attached, but was not removed by the officer at the time of attaching. On the 17th of the same month the plaintiff commenced an action of trespass against the defendants for the boards, before a justice of the peace ; between which time and the 27th day of the same month, the day on which the trial was had, the property attached was removed by *McGregor*, the officer. On the trial of the cause before the justice, several pleas in abatement were pleaded, and all overruled, and the parties proceeded to trial on the plea of not guilty. The defendants contended they were not liable in trespass, inasmuch as the property was not removed when the suit was commenced, though it did appear the property was removed in pursuance of the attachment. The magistrate was of opinion that the attaching of the property without removal, was not a trespass, and that the removing of it after service of the writ was an act of which he could not take cognizance in that trial, and accordingly rendered judgement for the defendants. The plaintiff afterwards commenced the present action.

The plaintiff contended that the defendants could not take advantage of the former judgement under the general issue and notice. But the defendants insisted that the judgement in the former suit would bar the right of the plaintiff to sue for the hogs, though they were not named in the writ. The court were of opinion that the plaintiff ought not to recover. The plaintiff excepted, and the case was reserved for the opinion of this court.

*Mr. Brown, for the plaintiff.*—It is contended that the judgement proved is not a bar to the present action. Where the real

GRAND-ISLE,
January,
1832.

Clark
vs.
Harrington et al

merits of the action have not been at all inquired into in a former proceeding, issue may be taken on the fact; the judgement being pleaded in bar.--1 *Stark. Ev.* 199; 2 *Black. Rep.* 827; 3 *Wils.* 304. In this case issue was taken on the fact whether the merits of the present action were inquired into in the former proceeding. The case shows they were not. The inquiry was not to whom the property belonged; but the only question submitted was, whether the plaintiff could maintain the action of trespass before the property was removed. The object of the present action is to ascertain to whom the property belongs. The facts necessary to try the title to the property were not in issue at the former trial, nor were they in any way the grounds of adjudication, or essential to the finding of the former judgement. The effect of the former judgement, if it is to have any effect, is conclusive; hence the necessity of the grounds of adjudication being certain, and that the real merits of the present action appear from the records of the former judgement. The real merits of the present action were not inquired into; and as the former judgement can be conclusive only of those facts which were litigated, and as no issue was taken in the first action upon any precise point, which is necessary to constitute an estoppel, the former judgement can not be a bar. In suits before justices of the peace the pleadings are seldom in writing; and it would be dangerous to establish the principle that their records should conclude parties when it clearly appears that the merits of the cause were not tried. The case shows conclusively that the trial before the magistrate was not upon the merits. The only point decided was the effect of the attachment. When the suit was commenced and the writ served, the goods were in the possession of the plaintiff, and the attaching the goods was not a trespass. The court should have directed a non suit and the judgement rendered in the case amounts to nothing more. It appears from the case, that the defendants attached the goods and chattels described in the writ, as the property of Gardner Tracy. This was the real question between the parties; but the justice turned the cause upon the time when the trespass was committed. It can not be contended that such an adjudication is conclusive upon the plaintiff. The plaintiff ought not to be barred by the judgement, because the trespass complained of was in fact committed after the suit before the justice was commenced.

Trespass to personal property can not be supported unless there is an injury of the goods in the possession of the owner, or an ac-

tual taking of the goods out of the owner's possession.—1 *Chit. Plead.* 169 ; 1 *Swift's Dig.* 527.   Where grain, hay, &c. are attached, and a copy left in the town clerk's office, the attachment is a lien upon the goods, and the property may be said to be in the custody of the law.   The officer is presumed to be in possession, and may maintain trespass against any person who should take away the property.   But where goods are attached in the ordinary way, the officer has not the custody of the goods, nor has he in any way changed their situation.   Hence no such presumption arises, and no action can be maintained by him against any person who shall take away the goods.   At the time the first action was commenced the plaintiff was in the actual possession of the property ; and if she was the owner, the attachment, having no effect whatever upon her title, did no injury to her right of possession ; and there would be some difficulty in the plaintiff's maintaining an action of trespass, until the defendants had done some act that affected either her possession or her right of possession to the property sued for.   It may be said the attachment was an incumbrance upon the property, and, therefore, an injury to the rights of the plaintiff, for which the action would lie.   Attaching the property of the plaintiff as the property of Tracy, without taking it into custody, or changing the possession, could create no lien as against the plaintiff ; and it is strange logic by which it can be proved, that an attachment which gives the creditor no lien upon the goods for his debt, is an incumbrance injurious to the owner.   If an action would lie for attaching personal property without taking possession, much more had it ought to be supported in an attachment of real estate, where the incumbrance might be a serious injury ; but to permit such actions would open a wide field of litigation.

Removing the property after the service of the writ, could not enable the plaintiff to maintain a suit or aid her in recovering a judgement.   Her right of action must exist, and be complete, at the time of the commencement of the suit.   If she could have recovered in that suit, she could as well have recovered if the property had not been removed at the time of the trial.   What then would have been the rule of damages? The property would have been still in the plaintiff's possession.   The defendants might never remove it ; or she might have placed it beyond their reach, so that they could not have taken it.   The rate of damages could not have been the value of the property, but the injury to the right of possession occasioned by the attachment.   Had the judgement

GRAND-ISLE, January, 1832.

Clark vs. Harrington et al

GRAND-ISLE,
January,
1832.

Clark
vs.
Harrington et al

been for the plaintiff to recover for the injury occasioned by the attachment, she would have a right of action for the subsequent injury occasioned by removing the property. The injury occasioned by the attachment (if any) was consequential, and would not support an action of trespass, which depends upon force, actual or implied. The making of a copy of a writ, and leaving it with Tracy, with a return on it that he had attached the goods in question as his property, can not be an injury to the plaintiff, with force and arms.

*Mr. Harrington, for the defendants.*—There are three questions for the determination of this Court. 1st. Whether a former recovery for part of one entire trespass, is a bar to an after suit for the same trespass ; 2nd. Whether a former recovery can be pleaded under the general issue and notice ; and, 3rd. Whether the county court did right in receiving parol evidence of what the defendants contended for under the plea of not guilty, and the reasons on which the justice gave his judgement, here pleaded in bar.

1. It is contended that the first suit operates as a legal and perpetual bar to this and all other suits for the same trespass, whether the whole trespass or a part was declared for in that suit. 1 *Sw. Dig.* 533, 752-3. This we take to be the rule in England, and through the United States. But in this state we have strong reasons for adhering to such a rule. Suppose A attaches the goods of B, to the value of $1000, and C claims them as his property`; but not willing to risk the whole in one suit, brings a suit before a justice for such articles as are worth less than $10, and recovers, and continues to bring suits in the same manner until the justice has brought within his jurisdiction and tried a thousand dollars trespass, and made $1000 costs, and A is bound to submit, owing to the final jurisdiction of the justice for sums less than $10. It is believed if no rule has been established in this state, as laid down by Judge Swift, it is high time there should be, both for the same reasons that have governed other courts, and that our statute renders such a rule essentially necessary.

2. The statute (*p.* 88) fully and clearly authorizes this method of pleading a former recovery. The words of the statute are too conclusive to admit of a doubt.—*Rice vs. Pollard,* 1 *Tyler,* 230 ; 1 *Sw. Dig.* 614, 615 ; *Barney* vs. *Goff et al.* 1 *Chip. Rep.* 304 ;*Lyman* vs. *Dorr et al.* 1 *Aik. Rep.* 217.

3. The facts set forth in the case which shows the reasons on which the justice gave his judgement, were facts improper for the

county court to inquire into, and ought to be laid out of the case. They must have been drawn from the magistrate. No court can swear up or down their records. If either party wish the records more full, they may apply to the court and obtain that object. To suffer a justice to swear, would tend to defeat our most sacred rights. The case shows that the judgement of the justice was upon the general issue, and that pleas in abatement were previously determined. The finding of facts by the court are precisely as if found by a jury. It is by agreement of the parties that the court may find the facts, and render judgement upon them. No distinction can exist in this respect between the county court and a justice's court. If there should be a difference it would destroy the analogy of the law. The principles must be the same in either court. And if so, it would follow, that if the justice could be a witness to the reasons on which he gave his judgement, why not call on the by-standers and prove that the justice reasoned incorrectly from the evidence ? And why not call on the jury, in case of jury trials, and prove by them the reasons for their verdict ? By the statute it would be impossible for any other court to reverse, correct, or in any way examine into, the judgement of a justice by any process whatever. And if the county court could not inquire into it in any way, either " by a writ of error, *certiorari*, or any other process whatever," it must be very idle to inquire what that judgement is made up of.—*Stat. p.* 126, *sec.* 7. This case sets forth that the defendants contended before the justice, that as the property was not moved when the plaintiff took out her writ, they were not guilty. But it appears that the property was taken by serving the writs upon it previous to the date of her writ, and removing it before her court, in pursuance of that attachment. Now can it be material to the validity of a judgement, whether the party contends for legal principles or not ? It would be very strange that that should make the judgement void or voidable, or even affect it in the least, after judgement rendered, recorded, and not appealed from. Attaching property is all the act necessary to make the plaintiff and officer liable in trespass. The property by attaching is placed in the custody of the law, and is out of the custody and the control of the owner. He could not oppose the officer or his receipters moving the property whenever they would, until the attachment is dissolved.

GRAND-ISLE,
January,
1832.

Clark
vs.
Harrington et al

HUTCHINSON, C. J., *pronounced the opinion of the Court.*— This is an action of *trespass,* to which the defendant pleaded the general issue, and gave notice in writing, according to the provisions of the statute, that he should give evidence, under said plea, that the plaintiff heretofore brought an action of trespass, for the same cause of action, and on trial the defendants recovered judgement for their cost. The issue was joined to the court, and they found, and placed upon the record, a special statement of facts, upon which said county court decided in favor of said defendants. To which the plaintiff excepted, and brought the case up to this Court. The only question presented is, whether the facts found by the county court furnish a good bar to this action. For, admitting the defence correctly presented by a special notice under the general issue, yet the facts must be such as would prove a good plea in bar of a former recovery. Such plea, if made, must set forth the former action and decision therein, and aver, that the subject matter of the said two actions was one and the same ; and that the merits of the said first action were adjudicated and decided. And, if such a plea is traversed by a plea of *nul tiel record,* the record only is necessary to prove the plea. But the plaintiff may new assign, and show, that he relies upon a different trespass from that which the defendant justifies, or he may traverse the allegation of the cause of action being the same in each suit. In either case, parol testimony is necessary, and clearly admissible on the issue, which brings in controversy the question of the identity of the two causes of action. Such was clearly the character and object of the parol testimony, which the county court must have heard in order to have found the facts, which they have put into this case. How far, then, would these facts prove a good plea in bar, if such had been specially pleaded ? It is clear, that both actions were brought for the taking of the same boards. And the defendant contends that both were for the same taking. The facts were, that the defendants attached the property in question on the 15th of April, by virtue of a writ, that was not against the plaintiff, but did not remove the same from the place where they found it. The plaintiff brought her action for it on the 17th of said April, the court to be on the 27th of the same month. After the commencement of the action, and before the day of trial, the defendants carried away the property. And for this carrying away, the present action was brought ; and the plaintiff failed in the first action, because it was brought before there was any actual carrying away of the property. The question raised in this-

GRAND-ISLE,
January,
1832.

Clark
vs.
Harrington et al

action could not have arisen in the first, unless upon the ground, that the carrying away of the property, after the commencement of the action, should be considered to have relation back to the first attachment, and be treated as if then done. This would be difficult, unless there was an actual taking possession at the first attachment, or leaving a copy with the town clerk, which was not done in this case. For aught that appears, the officer may have done what he returned as an attaching of this property, and *might* so return, if about to follow it up with immediate removal, and it might be no such meddling as to be a trespass upon the plaintiff, till actual removal ; as the writ was not against the plaintiff. The defendants might even have been liable to an action of trespass for breaking and entering the plaintiff's close, and yet not been liable to an action of trespass for any thing they did to this personal property. Now, if any such thing could have existed, and yet the defendants not liable in said first action, such a state of things should now be presumed, after a decision of the first suit in favor of the defendants, upon the plea of not guilty. That very decision carries with it the fact, that no trespass was committed, when the action was commenced. This decision would be correct, if the officer, in serving his writ upon Tracy, merely made an ideal attachment of this property of the plaintiff, and never in any sense got it into his custody till after he was sued. And such we must now presume was the case : for otherwise, it is very improbable, that the plaintiff would have failed in her first action. The facts, presented, show, that this suit is brought for that unequivocal trespass, which clearly entitles the plaintiff to recover the value of the property taken. This suit, then, must not be barred, by reason of the defendants having recovered in the other action which was commenced before this carrying away of which the plaintiff now complains. The defence set up in this case is so technical, and savours so little of equity, that it ought not to prevail until made out in the most conclusive manner. And the act of carrying away of the property now complained of may be viewed as distinct from the first attachment. Suppose the defendants had let the property remain as it was till after the trial in the plaintiff's first suit, and the plaintiff failed to recover for want of proof that the defendants had intermeddled to her injury, and, when that trial was over, the defendants carried off the property, could it be suspected, that the plaintiff was left without remedy for this last taking ? Or, if the plaintiff had recovered nominal damages for the first taking, and that only, because the property

GRAND-ISLE,
January,
1832.

Clark
vs.
Harrington etal

yet remained in the possession and under the control of the plaintiff, could the defendants, after that, carry away the property ,and the plaintiff be left without remedy ? The actual carrying away must be literally a continuance of the first taking, or so unjust consequences must not follow.

A suggestion has been made, that the present action is brought for some swine, not included in the first suit, but attached and taken with the other property. This does not vary the case, as it respects the bar of the action ; and the plaintiff's counsel seem not to urge it at all.

The judgement of the county court is reversed, and judgement is rendered for the plaintiff upon the facts contained in the case.

WILLIAMS, J., dissenting.

*Harrington*, for defendant.

*Brown*, for plaintiff.