## CHAMBERS *v.* GAMES.

In an action of debt on a note under seal, the plea of *non est factum* is admissible; but, as it puts in issue the execution of the note, it should, under the statute, be verified by affidavit.

Evidence of fraud, covin, or illegality of consideration, is not allowable as defense under the plea of *non est factum.*

It is not sufficient notice of special matter in defense of an action under the statute, to state "that the note had been given for a claim of public land, belonging to the government of the United States, on which there was no improvement; or that there was no consideration for the note; or that the consideration had wholly failed." The notice should specially point the particular matter relied upon in defense of the action.

Proof of a set-off may be excluded unless defendant has filed with his plea the particular items of his demand.

An item, in an account, designated as a "cash balance on settlement $50,00," is sufficiently specific.

## *Error to Linn District Court.*

*Opinion by* WILLIAMS, C. J. George W. Games instituted his action of debt, on a sealed instrument for one hundred and fifty dollars, and laid his damages at fifty ty dollars, &c. The note bears date Nov. 11, 1836, payable on, or before the first day of May thereafter, with a credit of fifteen dollars and sixty two and a half cents indorsed thereon. To the declaration of the plaintiff, the defendant filed his plea of *nil debit* with notice, &c., to which the plaintiff demurred. The demurrer was sustained. The defendant was allowed to plead over. He then filed his plea of *non est factum*, together with the notice "that the defendant will offer in evidence, and prove on the trial of the above cause, that said note upon which the above suit is brought, was given by the said defendant to the said plaintiff, for a claim of public land belonging to the government of the United States; and that there was no improvement on said claim." 2. "That there was no consideration for the giving up of the said note." 3. "That the consideration for the giving of said note has wholly failed." And the said plaintiff will also take notice, that

the said defendant will, on the trial of the above cause, offer and prove, the following items of set off, against the demand of the said plaintiff, viz:

GEORGE W. GAMES,
                    To *James Chambers*,                    *Dr.*
1837.
To one lot of cloth commonly called Kentucky
    Jeans, of the value of  -  -  -  $20,00
" One claim,  -  -  -  -  -  ·  50,00
" Fence rails and breaking prairie, -  -  50,00
" Work and labor,  -  ·  -  -  -  12,00
" Cash balance on settlement, - · -  -  50,00

The issue being joined, the cause was tried by a jury, and a verdict rendered for the plaintiff, for sixty one dollars and nine cents, and judgment thereon entered.

It appears that on the trial, the plaintiff having read the note in evidence to the jury rested. The defendant then offered to prove, that the note was given for a claim on the public land of the United States, upon which there was then no improvement. Objection to this evidence, under the first and third notice was made by the plaintiff, for the reason that these notices were too indefinite. The objection was sustained by the court, to which ruling defendant excepted. The defendant then offered the same evidence under the second notice, to which plaintiff objected, for the reason that the notice was of *want* of consideration, and the matter offered was of *failure* of consideration. The objection was overruled, and the witness allowed to testify. The evidence being heard was ruled out as inadmissible, on the second point of notice.

The defendant then proceeded to give evidence under the notice of set-off. On motion by plaintiff's counsel, this was also excluded, on the ground that the notice was insufficient, as to the specification of the matter of set-off. Defendant excepts to this ruling of the court, as follows:

1. The court erred in refusing to admit the evidence offered by the defendant below.

2. By ruling from the jury the evidence given by the witness William Chambers, as contained in the bill of exceptions.

3. By refusing to allow evidence of set-off, as offered by defendant below.

4. By sustaining the motion of the plaintiff below, to reject the notice attached to the plea of defendant below.

The plea of *non est factum* puts in issue the execution of the note, and is properly pleadable in this action being a specialty, and constituting the foundation of the suit. However to render it effectual in putting the plaintiff to the proof of the execution of the note, it was necessary that the defendant should verify the plea by his oath. This is required by the statute, *Rev. Stat.* 471, § 12, provides "but no person shall be permitted to deny on trial the execution of any instrument in writing, whether sealed or not, upon which any action may have been brought, or which shall be set up by way of defense or set-off, unless the person so denying the same, shall file his or her affidavit, denying the execution of such instrument." In this case the plea was filed without the affidavit. We will not discuss the validity of the plea, as pleaded, there having been no motion made, to set it aside, and as it was treated as the general issue by the parties, under which the defendant gave notice of the matter, on which he intended to rely for defense on the trial. By going to trial on it, the plaintiff accepted it. *Myer* v. *McLean*, 1 John. 509. We will add here, that at common law, such facts only can be given in evidence, under the plea of *non est factum*, as will go to show that the defendant did not execute the writing obligatory; such defense as relates to the consideration or inducements which influenced the obligor to make it, cannot be made under it. If fraud, covin, false representataion, illegality of consideration, or the like matters which assail the contract itself, apart from the execution of the instrument, constitute the defense, they should be pleaded specially; or when provided for by statute, as therein prescribed, such defense is not allow-

able under a general plea of *non est factum.* Any fact which will go to show, that the defendant never in the eye of the law, executed the writing obligatory, may be given in evidence under this plea. *Hughes* v. *Williams,* 3 Blackf. 170; *Vrooman* v *Phelps,* 2 John, 177; *Dorr* v. *Munsell,* 13 John 439; *Dale* v *Rosevelt,* 9 Cow. 307. The ruling of the district court in rejecting the evidence offered by the defendant under the plea of *non est factum,* was correct. There is none of it which relates to the execution of the instrument, but to the consideration of the contract only.

We will now proceed to the question arising upon the matter of notice, on which the defendant relied for defense to the action.

After pleading *non est factum,* the defendant, instead of pleading specially, availed himself of the statutory provision, which is as follows: "The defendant may in his defense, plead specially, or may plead the general issue, and give notice in writing under the same, of the special matters intended to be relied on, for a defense on the trial, under which notice, if adjudged by the court to be sufficiently clear and explicit, the defendant shall be permitted to give evidence of the facts therein stated, as if the same had been specially pleaded, and issue taken thereon." *Rev. Stat.* 470, §12. This enactment provides for, and allows a departure from the common law practice of pleading, and must be substantially complied with. We have already shown by the rules of common law pleading, the evidence of Chambers, as it relates altogether to the consideration of the contract, and not to the execution of the instrument, was properly ruled out, as inadmissible under the general plea of *non est factum.* We will now examine and see whether it should have been admitted under the notices. The defendant was under the necessity of pleading specially as at common law; or, it was his privilege to avail himself of the statutory provision, and give notice in writing of the special matter intended to be relied on for a defense on the trial. He chose to avail him-

self of the latter. Is the notice such as is contemplated by the statute? We think not. It is too general in its character. The statute requires "notice in writing *of the special matters*, &c." The simple statement, "that the note had been given for a claim of public land belonging to the government of the United States, on which there was no improvement, that there was no consideration for said note, that the consideration for said note had wholly failed," gave to the plaintiff no information of the *special matter*, the facts intended to be relied on for a defense on the trial. It is not every contract for the sale of a claim of the public land of the United States, on which there is no improvement, that is necessarily void for want of consideration, fraud, &c. It is one thing to inform the plaintiff that the pleas of no consideration and failure of consideration, will be pleaded as a defense to the action, and quite another thing to give him notice of the special matter that will be relied on. In permitting a party to an action to lay aside the common law form of pleading, and to choose a more simple and convenient mode of presenting his case, the legislature certainly did not intend to dispense with the substance. The object of the plea is to apprise the plaintiff of the matter of defense to his action, in order that in answer to his declaration, a proper issue may be formed for trial upon the law and facts involved. The material facts, the special matter constituting the plea, should be set forth in the notice, so as to inform the plaintiff of the substance of the defense, that he may have an opportunity to meet them, and if he can, to contradict them. This was the manifest intention of the legislature, and justice and reason dictate its propriety. The notice given in this case, as to the consideration of the writing obligatory, is general, not special of the matter relied on for a defense to the action. The court therefore ruled correctly as to this point in relation to the consideration. *Brazee et al* v. *Blake et al*, 5 Ohio 211; *Reynolds et al* v. *Rogers, ib.* 104; *Shepard* v. *Merrill*, 13 John's 475; *Black* v. *Harrington*, 4 Vt. 69.

The next and last question is, as to the notice of set-off and bill of particulars therewith filed for allowance, against the demand of the plaintiff.

The statute provides "that the defendant or defendants in any action brought upon any contract or agreement, either express or implied, having claims or demands against the plaintiff in such actions, may plead the same or give notice thereof under the general issue, as is provided in the twelfth section of this act, and the same or such part thereof, as the defendant shall prove on trial, shall be set-off and allowed against the plaintiff's demand, and a verdict shall be given for the balance due." *Rev. Stat.* 472, §17. By this section, the defendant is permitted to set-off any demands which he may have against the plaintiff. The tenth section provides, that "It shall be the duty of the defendant or defendants in all cases, where he, she, or they intend to prove on trial, any accounts or demands against the plaintiff or plaintiffs, to file with his plea, a bill of the particular items of such accounts or demands, and no other accounts or demands shall be suffered to be proved to the jury, or court on the trial." *Rev. Stat.* 470.

Here are express provisions providing for demands of the defendant, and the manner in which they shall be set-off against those of the plaintiff. If presented under a notice as in this case, it is to be done as is required, in relation to the special matter, as provided for in the twelfth section above cited. This as we have already decided on the other points, is, that the notice must be one in fact, setting forth the material points upon which the plea rests, and not merely the sum or conclusion of facts, as determined by the person pleading. So, the defendant, intending to prove any accounts or demands against the plaintiff, must file with his plea, a bill of the particular items of such account or demands, or he will not be allowed to prove them to the court and jury. The intention of the legislature, is so clearly expressed here that it cannot be misapprehended. The particular items of the account or demand, must be given, in number and character, with

· the date, as well as the sum, so that the plaintiff may have an opportunity of testing their truthfulness. The defendant, in this case filed his set-off, accompanied by a bill of particulars, a considerable portion of which was objectionable it is true; but we think the court should have allowed the defendant to give proof to the jury of the last item, being cash balance on settlement $50,00. This we think as a particular item, is sufficiently specific to apprise the plaintiff of all that would be necessary to enable him to test its validity before the court and jury on the trial. Indeed if a settlement (as this purports to have a date subsequent to that of the note sued,) had been made by the parties, and thereupon, a balance has been found due to the defendant. Evidence of these facts, if it had been suffered to go to the jury, might have established a defense to the demand of the plaintiff. There is therefore error in this ruling of the court.

We have examined and decided the question presented, in the argument of this case, more at length than we should have done, had we not considered it important to settle the practice as to the matters involved.

Judgment affirmed.

*N. W. Isbell* and *I. M. Preston*, for plaintiff in error.

*W. G. Woodward* and *Wm. Smyth*, for defendant.