ALBANY,
Oct. 1828.

Sherwood
v.
Johnson.

---

SHERWOOD *vs.* JOHNSON, executor of Smith.

DEMURRER to replication. The declaration is in debt on a judgment obtained against the testator, in the common pleas of Broome, in May, 1817. Plea, *plene administravit*, except as to 50 dollars, which the defendant says he retains in his own hands, towards satisfying himself of a judgment recovered by him against the testator, in his life time, to wit, in July, 1818, before a justice of the peace, on confession of the testator. Replication, *precludi non*, because the plaintiff saith, that the said judgment in the said plea mentioned to have been recovered against the said N. W. S. (the testator,) record, judgments obtained therein must be postponed to judgments rendered in courts of record, in the course of administration of an estate.

In a *replication* to a plea by an executor, of an outstanding judgment, and no assets *præter* that the judgment was obtained *per fraudem*, it is sufficient to allege fraud and covin generally, without shewing the fraud specially. Justices' courts not being courts of record, judgments rendered in courts of

by the said defendant, was had and obtained by the fraud and covin of the said defendant, and the said N. W. S. with the intent to defraud the said plaintiff of his said debt; and this, &c. wherefore, &c. Demurrer, assigning the want of specification of the particulars of the fraud, and the omission to deny the justice of the debt, as special causes, and joinder.

*J. A. Collier*, for defendant. A replication that the judgment was obtained *per fraudem* generally, without specifying the particulars in which it is pretended the fraud consists, is not good. There are some general *dicta* to that purport in the books, but they are not supported by adjudged cases; whereas, there are a variety of cases in which a general replication of fraud has been held unavailing. Thus, when a judgment is obtained against an executor by covin, but for a *just debt*, the creditor cannot avoid the judgment by alleging that it was obtained by covin, to defraud him. (*Sir W. Jones*, 92.) So in *Cro. Eliz.* 462, it was held that the plaintiff could not, to a judgment pleaded by an executor, reply that it was obtained by fraud and covin, and rely upon it; but must also traverse that the judgment was for a just debt. And in 5 *T. R.* 80, on a replication of fraud generally, a verdict obtained by a plaintiff was set aside, because the plaintiff had not specified in what the alleged fraud consisted. Much precision is not necessary in the specification; to allege the want of *consideration*, or that the debt was for a less sum than that for which the judgment was confessed, would probably be sufficient; but enough should be averred to enable the party to come prepared to support the judgment.

*J. L. Wendell*, for plaintiff. The replication is good. (2 *Chitty's Pl.* 660, *and cases cited, n. l.*) The case in *Cro. Eliz.* is overruled in *Trethewy* v. *Ackland*, (2 *Saund.* 49;) and in 1 *Lutw.* 662, (*Robinson* v. *Corbet*,) it was said by *Powell*, J. and which has been adopted ever since, that the plaintiff *cannot insist upon any thing but the fraud;* and that the opinion in *Cro. Eliz.* had been a long time exploded, and

there was no need to plead that the judgment was for a true debt. The case in *Sir W. Jones* only determines, that to a plea of judgment recovered, the plaintiff may reply that there is nothing due ; and that undoubtedly is the better course of pleading, to allege that there is nothing due, or that the judgment is kept on foot *per fraudem* ; for if the defendant should shew that there was no fraud in fact, as where a judgment was confessed by *mistake* for too large a sum, he would succeed, as in the case in 5 *T. R.* But here, where the party by his demurrer, admits that the judgment was obtained by fraud and covin, there can be no question that the plaintiff is entitled to judgment.

The plea is bad. The debt of the plaintiff being a debt of *record*, is entitled to preference in payment, over the debt of the defendant, which being a justice's judgment, ranks only as a *specialty.* (6 *Cowen*, 589.) Amercements of courts *not of record*, have no preference. (*Toller's Law of Ex.* 260.) A judgment, *not* docketed, has no preference to a specialty. (*id.* 269.) The defendant's judgment here, is not shewn even to have been docketed by the transmission of a transcript to the county clerk's office ; but even had it been thus docketed, it is not a debt of record, which is a judgment of a court of record, not depending upon the dignity of the court, or the extent of its jurisdiction, but upon the fact of its being a *court of record.* (*Toller*, 263.)

*Collier*, in reply. Justices' judgments are of a higher nature than a specialty. A judgment obtained before a justice on a specialty, would be pleadable in bar to a new action upon the same instrument. The certificate of a justice's judgment is conclusive, and cannot be contradicted by parol. (13 *Johns. R.* 184.) *Courts baron*, and other courts of inferior jurisdiction in England, have not so high a character ; their proceedings can be proved or disproved by parol. (3 *Blk. Comm.* 25.) The power to fine and imprison, constitutes a court a court of record. (*id.* 24, 5.) Our justices' courts possess that power. Priority does not depend upon the dignity of the court. (*Roberts on Wills*, 83.) A judgment in a *pie poudre court* in England, has the

same rank as a judgment in higher courts. (*Toller*, 264.) The jurisdiction of a justice's court here, is much more extensive.

*By the Court,* SAVAGE, Ch. J. The replication is good, and according to approved precedent. (2 *Chitty*, 611, *n. o.*) It is sufficient to allege fraud and covin generally, without shewing such fraud specially. In *Green* v. *Wilcocks*, (*Cro. Eliz.* 462,) it was held that the plaintiff, in his replication, must not only reply fraud and covin, but must traverse that the judgment was given for a just debt; but a different rule prevails now. (1 *Lut.* 662. 2 *Saund.* 50, *n.* 3.) The court there say, the plaintiff may traverse the special matter, or rely on the fraud generally; and either way is good.

The next question is upon the plea; and the question is, simply, whether a judgment before a justice of the peace is a debt of record. All judgments in courts of record are of equal dignity in the payment of debts. (*Toller*, 263.) It has frequently been held by this court, that justices' courts are *not courts of record*, though they possess many of the powers of courts of record. They are very important tribunals; but the legislature have not constituted them courts of record. They are, in legal acceptation, inferior courts. Of course, judgments in those courts must be postponed to judgments in courts of record. In 16 *Johns. R.* 233, this court said, that a justice's judgment was equivalent, at least, to a specialty, and that debt was the proper action to be brought upon it. In *Witherwax* v. *Averill*, (6 *Cowen*, 590,) we held that a justice's judgment is not to be tried by the record upon a plea of *nul tiel record*, but by a jury; and that it ranks as a specialty. Of course it cannot be pleaded as a debt of record. The plea is bad. The plaintiff is entitled to judgment on the demurrer.