PENCE and Another, Administrators, *v.* SMOCK.

The consideration of a title-bond was,—the obligee's agreement to convey certain land to the obligor, on the same day on which the conveyance mentioned in the title-bond was to be executed, and to pay the obligor two promissory notes before that day, one in money and the other in personal property. *Held,* that the covenants were dependent; and that the obligee's not conveying nor offering to convey the land, the conveyance of which was the main part of the consideration of the title-bond, was a bar to his recovery on that bond.

May Term,
1830.

PENCE
v.
SMOCK.

Tuesday,
May 11.

Debt on a bond. Plea, a failure of consideration, in consequence of the non-perfor-
mance, by the obligee, of the condition of a certain bond which was lost. *Held*, that
the loss of the bond did not preclude the defence.

If a plea of accord and satisfaction by the delivery to the plaintiff of certain property,
does not state a time when the delivery was made, it is bad on special demurrer.

A general plea to an action on a bond, that the bond had been obtained by fraud and
covin, without setting out the particulars of the fraud, is good.

ERROR to the *Marion* Circuit Court.

BLACKFORD, J.—This was an action of debt by *Peter Smock*
against the administrators of *John Smock*, founded on a penal
bond of the intestate for 800 dollars, conditioned for his con-
veyance of a tract of land to the plaintiff on or before the 9th
of *February*, 1827. The declaration avers that the obligor,
having no title, fraudulently represented his title to be good;
and that he acquired no title during his life-time, nor have the
defendants acquired any since his death. The defendants
pleaded three pleas in bar. The first plea is, that the bond
declared on was given in consideration of the plaintiff's agree-
ment by bond to convey to the intestate, on the 9th of *February*,
1827, a quarter section of land, situate in *Jefferson* county in
this state, being the land on which the plaintiff resided at the
time of the contract; and in consideration of the plaintiff's note
for 150 dollars, payable in personal property on or before the
10th of *December*, 1826; and in consideration of one 50 dollar
note to be paid at the same time. Averment, that the bond to
the intestate is lost; that the plaintiff had not conveyed the
land to him, but to another person named *George Owens;* that
the plaintiff had failed and refused to deliver the personal pro-
perty contracted for, or any part thereof; and that the intes-
tate had given up the 50 dollar note to the plaintiff at his re-
quest and without consideration. The second plea is an ac-
cord and satisfaction, by the delivering to the plaintiff a title-
bond and two promissory notes, previously given by the plain-
tiff to the intestate. The third plea is, that the bond stated in
the declaration, was obtained from the intestate by fraud and
covin. To all these pleas, the plaintiff specially demurred.
The objections made to the first plea are, 1st, the land is not
sufficiently described; 2dly, the contracts were independent;
3dly, no demand of the personal property is shown; 4thly, a lost
bond cannot be set up as a defence. To the second plea one

of the objections is, that no time is stated when the bond and notes were given up. The third plea is objected to, because the particulars of the fraud are not stated. These demurrers were all sustained by the Circuit Court; damages were assessed upon a writ of inquiry; and final judgment was rendered for the plaintiff below.

It is objected to the first plea, that the land which was to be conveyed to the intestate, is not sufficiently described. It is set out as a quarter section of land in *Jefferson* county, in this state, on which the plaintiff resided at the time of the contract; and which he has since sold to one *George Owens*. This description is sufficiently particular. The next objection to the first plea is, that the contracts are independent. This objection cannot be sustained. The consideration of the bond sued on, was the plaintiff's agreement to convey certain land to the intestate, on the same day on which the intestate's conveyance was to be made, and to pay two promissory notes to the intestate some time before. The covenant of the intestate, therefore, was not independent. His liability depended on the plaintiff's previously conveying or offering to convey the land contracted for, and on his being ready to deliver the personal property at the time appointed, and on his payment of the 50 dollar note. Whether a failure as to any small part of this consideration, would be a good defence, is not the question. Here the main part, to wit, the conveyance or offer to convey the land on which the plaintiff lived, was not performed. That failure is a bar to the action. This last remark is a sufficient answer to the third objection to this plea; because it shows that it is immaterial, whether the failure to deliver the personal property is well pleaded or not. The plea would be good, even if there had been no default as to this part of the consideration. It is further contended against the first plea, that as the title-bond to the intestate is lost, it constitutes no defence. The argument goes on the ground that an action at law will not lie on a lost bond. We are of opinion, however, that an action at law may be brought on such a bond; and if so, it may furnish a good defence in a case like the present. *Read* v. *Brookman*, 3 T. R. 151 (1). For these reasons, we consider that the first plea filed is a good bar to the action.

The objection to the form of the second plea, viz. that the

May Term,
1830.

time of the delivery of the bond and notes is not stated, is a good one. That point is decided in *Cunningham* v. *Flinn*, *Nov.* term, 1823 (2). The demurrer to this plea was correctly sustained.

The third plea is *per fraudem* generally. The objection is, that the particulars of the fraud are not set out. This general mode of pleading fraud we conceive to be correct. It is supported by good authority. *Wimbish* v. *Tailbois*, Plowd. Com. 38, 54.—*Tresham's case*, 9 Co. Rep. 108.—*Knight* v. *Peachy*, T. Raym. 303.—1 Chitt. Pl. 553.—2 Chitt. Pl. 464, 603.—3 Chitt. Pl. 563.—*Mason* v. *Evans*, Coxe's Rep. 182.—*Gordon* v. *Gordon*, 1 Stark. Rep. 396 (3).

It is therefore the opinion of the Court, that the demurrers to the first and third pleas should have been overruled.

*Per Curiam.*—The judgment is reversed, &c. with costs. Cause remanded, &c.

*Brown*, for the plaintiffs.

*Sweetser*, for the defendant.

(1) In the case of *Read* v. *Brookman*, it was held that a deed may be pleaded as "lost by time and accident," without making profert of it; but in the case of *Hendy* v. *Stephenson*, 10 East, 55, a justification in trespass was pleaded, which, after stating that the defendant was possessed of a right of common under a grant, proceeded as follows: "which deed is since lost or destroyed by accident and length of time, and therefore cannot be brought into Court here, and the date thereof is, and the particular parties thereto are, for that reason, wholly unknown to the said defendant:" the Court held this bad, as being much too loose in the description of the deed. Note to *Bigg* v. *Roberts*, 3 Carr. & Payne, 43.

(2) Vol. 1. of these Rep. 266.

(3) Vide *Huston et al.* v. *Williams*, *May* term, 1833.