May Term,
1833.

Huston
v.
Williams.

---

### Huston and Another *v.* Williams.

To an action of debt on bond, the defendant may plead generally that the bond was obtained by fraud, covin, and misrepresentation; but the evidence under this plea, must be confined to the fraud of the obligee in relation to the execution of the bond.

*Monday,*
*May 27.*

ERROR to the *Fountain* Circuit Court.   *Benjamin Williams* brought this suit against *Robert* and *Hamilton Huston,* and obtained a judgment in the Circuit Court.

Stevens, J.—The plaintiff declared in an action of debt upon an instrument in writing, which is described in the declaration as a "writing obligatory, signed with their hands and sealed with their seals."   The defendants, after craving *oyer,* demurred to the declaration.   The Court overruled the demurrer, and the defendants, by leave of the Court, withdrew it and pleaded to the merits.   The plea of the defendants is a plea of "fraud, covin, and false representation," in these general terms, without stating the special circumstances, and without averring whether the "fraud, covin, and false representation," relate to the execution of the instrument, or to the consideration or inducement which influenced the obligors to become bound.   To this plea the plaintiff demurred and the Court sustained the demurrer.

The errors assigned are:—1. The instrument declared on is not a writing obligatory; 2. The Court erred in sustaining the demurrer to the plea.

As to the first error, it is only necessary to say that the withdrawal of the demurrer containing the *oyer,* withdrew the *oyer*

also, and it ceased to be any part of the record; and we are bound now to presume that the description given in the declaration of the instrument in writing, is correct.

The other error presents much more difficulty. The question is, whether a plea of "fraud, covin, and false representation," pleaded in these general words, can be a good plea in bar to an action of debt on a writing obligatory; and, if good, to what extent?

At common law, in an action of covenant or debt on a writing obligatory, a plea of "fraud, covin, and false representation," is a good plea in bar if properly pleaded. But it appears that such a defence only relates to "fraud, covin, and false representation," in the execution of the writing obligatory, and not to the consideration or inducement, which influenced the obligor to make the bond. Also, illegality, or any act or matter connected with the contract or consideration, which strikes at the contract itself, and shows that it never had any legal entity, and which renders the bond wholly void, is a good defence at common law; but such defence cannot be given in evidence under a general plea of *non est factum*, or of fraud and covin: the special facts must be averred. But where the fraud, covin, and false representations, which are set up as a defence to a bond, are respecting the right, title, amount, soundness, quantity, quality, or value, of the consideration which influenced the obligor to make the bond, the defence is equitable, and not legal, at common law. Neither is the failure in part or in the whole, a legal defence at common law: it is only a defence in equity.

Our statute has made such defences legal, in actions on bonds and writings obligatory, except conveyances of real estate, and instruments negotiable by the law merchant. Under the statute, the entire want of consideration, or the failure in whole or in part of the consideration, may be pleaded to actions on bonds or writings obligatory; but the manner of pleading is not changed: the pleading must be according to the common law. A plea that a bond is voluntary and without either a good or valuable consideration, is sufficient without any averments more special, because in such case there are no special facts to aver. But if the defence is founded upon a failure in the whole or in a part of the consideration, or upon the false, fraudulent, and covinous acts and representations of the obligee,

respecting the consideration which influenced the obligor to become bound, the special facts must be averred.

If, however, the defence is bottomed on the false, fraudulent, and covinous conduct of the obligee, in relation to the execution of the instrument, as where it is fraudulently misread, or another instrument fraudulently substituted for the true one, or where the obligee fraudulently induces the obligor to execute the instrument when he is incapable of judging for himself, either by reason of drunkenness or lunacy, or where the obligee does any other fraudulent act, which shows that the obligor, in truth and in fact, never, in the eye of the law, executed the bond,— the facts may be given in evidence under the plea of *non est factum*, or they may be given in evidence under a general plea of "fraud, covin, and false representation." *Taylor* v. *King*, 6 Munf. 358.—*Wyche* v. *Macklin*, 2 Rand. 426.—*Vrooman* v. *Phelps*, 2 Johns. R. 177.—*Dorlan* v. *Sammis*, note to 2 Johns. 179.—*Dorr* v. *Munsell*, 13 Johns. R. 430.—*Parker* v. *Parmele*, 20 Johns. R. 134.—*Collins* v. *Blantern*, 2 Wils. 347.—*Dale* v. *Roosevelt*, 9 Cow. 307.—*Stevens* v. *Judson*, 4 Wend. Rep. 471. In this limited sense the plea under consideration is good, and ought to have been sustained, but no evidence can be given under it, except such as relates to the execution of the instrument.

It may perhaps be thought, that this opinion conflicts with the opinion of this Court, in the case of *Pence et al. adm'rs.* v. *Smock*, 2 Blackf. 315, and the authorities there cited; but it is presumed that a correct examination of that case, and those authorities, will show that there is not perhaps any confliction. The circumstances of the case of *Pence et al.* v. *Smock* are these:—*John Smock*, the intestate, in his life-time, made his bond to *Peter Smock*, and, after his death, *Peter Smock* brought suit on it against *Pence* and *Brenton*, his administrators; and they pleaded generally, that the bond was obtained of *John Smock* in his life-time, by *Peter Smock*, by "fraud, covin, and false representation." This plea was pleaded by administrators, who the law does not presume were in possession of the particulars of the fraud, they not being parties or privies to the transaction, and were therefore authorised to plead generally; for it is a settled principle of pleading, that general words are sufficient where it is to be presumed that the party pleading is not acquainted with the minute circumstances of the case.

May Term,
1833.

Huston
v.
Williams.

1 Chitt. Pl. 239.—The People v. Dunlap, 13 Johns. Rep. 437. Again, the plea in the case of Pence et al. v. Smock, does not conflict with the opinion in this case, because there is nothing on the record to show that the "fraud, covin, and false representations," were intended to apply to any thing other than the execution of the bond. Indeed, the record proves almost conclusively, that they were not intended to apply to anything other than the execution of the bond, because there is another plea showing specially the failure of the consideration.

The authorities relied on by our Supreme Court, in the case of Pence et al. v. Smock, are next to be noticed.

The first is Chitty's Pleadings. Chitty, in his first volume, says that fraud and covin is a defence to a bond at common law. He must certainly allude to fraud and covin in the execution of the bond, because no doctrine is better settled than the doctrine that fraud, falsehood, or deceit, respecting the consideration, is no legal defence at common law to a bond. It is otherwise with respect to simple contracts. But when applied to a bond, it is a defence in equity only, unless it is made a defence at law by statute. Again, he says in the same volume, that such fraud and covin may be pleaded generally. This is correct when applied to the execution of the bond, but it cannot at common law be applied to the consideration. He refers to Tresham's Case, 9 Co. Rep. 108. The case called Tresham's Case, is the case of Brokesby and Vaux, adm'rs of Henry Vaux, Esq. v. Tresham, adm'x. of Sir Thomas Tresham. It was an action upon a bond made by Sir Thomas in his life-time, to Henry Vaux, Esq. in his life-time. The defendant pleaded plene administravit, and also divers outstanding recognizances against the estate made by Sir Thomas in his life-time, which were outstanding and unpaid. The plaintiffs replied as to the recognizances, that they were all paid and performed, but that the defendant kept them on foot outstanding against the estate by fraud and covin, for the purpose of cheating the plaintiffs out of the debt due on the bond. This replication was very correctly decided to be good, for two obvious reasons:—First, because it is as special as the nature of the case would admit of. It states the whole transaction, that is, that those bonds and recognizances were all paid and performed, but that the defendant refused to lift them and take them in, for the fraudulent purpose of pleading them as outstanding against the bond on

May Term,
1833.

Huston
v.
Williams.

which the suit was brought. There was nothing more special in the nature of the case. And it is a well settled rule in pleading, that fraud, covin, or anything else, may be averred generally, where there are no special facts connected with the defence. In that case, the special facts were the payment and performance of the recognizances, and these were specially averred. Secondly, it was pleaded by the administrators of a creditor, and the law presumes a creditor always a stranger to the acts of the administrator of the debtor, and therefore he is allowed to plead generally. *The People* v. *Dunlap*, before cited, and *Wimbish* v. *Tailbois*, Plowd. R. 38.

Chitty, in his second volume on pleading, gives the form of a plea of fraud, covin, and false representation, specially setting out the facts, and adds at the bottom of that form, that a plea of general fraud and covin may be added. Forms are not law, but they ought to be evidence of what the law is. Chitty refers to no authority to sustain his general plea, but his special plea he sustains by the cases cited in his note. The first one is the case of *Cockshott et al.* v. *Bennett et al.* 2 T. R. 763. This case has nothing whatever to do with the principle, nor do any of the judges say any thing in relation to it. It was an action of assumpsit on a simple contract, and the whole controversy was about the effect of such acts of fraud in Courts of law and Courts of equity. The second case is the case of *Hayne* v. *Maltby*, 3 T. R. 440, and is directly in point to support the special plea, but says not a word about a general plea, or that such a plea ever was or ever could be so pleaded.

The next case relied on by our Supreme Court, is the case of *Wimbish* v. *Tailbois*, Plowd. Rep. 38. This was an action of trespass done in lands, brought by *Wimbish* and wife against *Elizabeth Tailbois*, widow of *George Tailbois*, deceased. The defendant, *Tailbois*, set up title to the lands and justified. The plaintiffs, among other things, replied that a certain recovery in *formedon in descender*, which one *William Tailbois* brought, was by covin between the said *William*, and the said *Elizabeth Tailbois*, the defendant, without the assent or consent of the plaintiffs, *Wimbish* and wife. This replication was sustained by a majority of the Court, Justice *Brown* dissenting. The judges delivered their opinions *seriatim*, and gave specially their reasons for sustaining the replication, which are:—1. because the law does not require a person to aver that which the

law does not presume he knows, and that the covin in that case was between the defendant and a third person, in a certain transaction to which the plaintiffs were entire strangers, and therefore not presumed to know the minute particulars; 2. that the replication was pleaded under and by virtue of a statute, respecting covinous recoveries of real estate by women, and was authorised in that general form by the statute. But they all explicitly stated that, at common law, the special facts must be averred. Justice *Brown*, in dissenting; said that although the statute was general, yet the pleading ought to be according to the common law, and, by the common law, the cause of covin must be shown.

The next case cited by our Court, is the case of *Gordon* v. *Gordon*, 1 Stark. Rep. 294. There is nothing in this case to show whether the plea was general or special, or to show what it related to. There was no opinion on the plea, nor does it appear to have been brought into question. The case went off on other grounds. The reporter simply adds, that there was also a plea of fraud and covin; but whether it was a general or special plea, is not shown.

In the case of *Sherwood* v. *Johnson*, 1 Wend. Rep. 443, a general replication of fraud and covin was sustained. This was a suit by a creditor of the testator in his life-time, against his executor after his death, and the fraud and covin set out in the replication, were charged to be fraud and covin committed by the testator and the executor in the life-time of the testator, in a transaction to which the creditor was neither a party nor privy, and therefore he was authorised to plead generally, the law not presuming him to be acquainted with the special circumstances. This case is, in principle, precisely like *Tresham's Case*, and does not conflict with anything in this opinion.

If this view of the case is correct, and we think it is, the judgment of the Circuit Court must be reversed, and the cause remanded for further proceedings in accordance with this opinion.

M'KINNEY, J.—Dissenting from the opinion just delivered, it would seem proper that I should give the reasons upon which that dissent is founded. In examining the question, I shall advert to the common law; to adjudications in some of our sister states; to some statutory provisions; and to the case of *Pence et al.* v. *Smock*, decided by this Court at its *May* term, 1830.

The general proposition is admitted, that fraud is a defence at law; but from this admission, it does not of consequence follow, that as a defence it is applicable, without qualification, to all actions, or that when appropriate, it is in the election of the pleader. to use either a general or a special plea.  Pleading is a science, and as such is governed by rules.  When exceptions occur in the operation of these rules, they are supposed to be founded on the original inapplicability of the rule to the development of a principle, or upon some innovation or modification of the doctrine to which the rule applies, rendering its enforcement a defeat of the object proposed to be attained. Without dwelling upon the system, with its rules "founded in strong sense and the soundest and closest logic," peculiar to the various actions, promoting justice, and protecting against the greatest of evils in judicial proceedings, uncertainty and confusion,—I will only remark, that to an action of debt on a specialty, the general issue is *non est factum*, and that matter legally in avoidance of the action, and unconnected with the execution of the instrument, must be specially pleaded.

To present the question of the admissibility of this general plea of fraud, so as to prevent any misapprehension of my view of it, it is necessary to examine what evidence may be given under the plea of *non est factum*, and what matters in avoidance of a deed, should be specially pleaded.

A deed is either void at common law *ab initio*, or it is voidable.  When it is the foundation of a suit, the defendant may give in evidence under the plea of *non est factum*, which plea is merely to the execution of the instrument, that it was void *ab initio*, as that it was obtained by fraud, a different instrument being substituted from that which the defendant supposed he was executing; that he was made to sign the instrument when so drunk as not to know what he did; that it was made by a married woman, &c.; or that it became void after it was made, and before the commencement of the suit, by erasure, alteration, addition, &c.  I Chitt. Pl. 479.—*Collins* v. *Blantern*, 2 Wils. 341, 347.—*Lambert* v. *Atkins*, 2 Camp. R. 272, 273.— *Van Valkenburgh* v. *Rouk*, 12 Johns. 337.—I Phill. on Ev. 128.— *Pitt* v. *Smith*, 3 Camp. R. 33.—*Dorr* v. *Munsell*, 13 Johns. R. 430.—6 Com. Dig. Pl. 2 w 18.   But where the deed is merely voidable, on account of infancy or duress, or void by statute, as in the case of gaming, &c., such matters must in general be

May Term,
1833.

HUSTON
v.
WILLIAMS.

pleaded. *Ibid.* In 6 Com. Dig. Pl. 2 w 18, treating of *non est factum*, it appears that that plea is good in all cases, where the bond or specialty was not executed, or, if it was executed, was void *ab initio*, and if void *ab initio*, that the facts which make it so may be averred and specially pleaded; but that it is no plea when the deed is only voidable, in which event, the matter of avoidance must be specially pleaded. It would thus seem, that matter which shows the deed to be voidable, must be specially pleaded, but that matter which shows the deed to be void, may either be given in evidence under the plea of *non est factum*, or be pleaded specially.

A special plea must state the facts constituting the defence, on which the defendant means to rely, and consequently in adopting a special plea, embracing matter which could be given in evidence under the plea of *non est factum*, or which shows the deed to be voidable, the party is bound to present those facts in his plea. This is necessary to enable the Court to determine, if an issue in law be joined, whether the facts so pleaded constitute a legal defence; or, if an issue to the country and a verdict, whether a judgment can be rendered. At common law, a seal importing a consideration, the want or the failure of consideration was not a defence, because the party would thus contradict his solemn act. A distinction, however, exists between the illegality of the consideration, and the want or the failure of the consideration. The former, as we have seen, as it would show the bond to be void, it affecting its execution, could be given in evidence under the plea of *non est factum*, or be specially pleaded; the latter was only an equitable defence. If, then, fraud be the ground of defence to an action on a deed, if it be not given in evidence under the plea of *non est factum*, it must be specially pleaded.

On examination, I have been unable to find a single adjudication, other than that of *Pence et al.* v. *Smock*, in support of a general plea of fraud to an action on a deed, although I have met with two or three cases, in which such pleas have been filed, but these cases appear to have been decided without reference to such plea. From the general principles of the law, it would seem that such a plea could not be sustained, and from a decision to which I will refer, the reasons why such a plea is not good, are, to my satisfaction, irrefutably presented. A general plea such as that before me, with the exception

23

perhaps of the verification, would appear to be warranted by a suggestion of Chitty, at the conclusion of the form he gives of a special plea of covin and fraud, in 2d vol. on Pl. 512; and in a note to that plea he says, "that fraud is a defence at law." He cites in support of this position *Cockshott* v. *Bennett,* 2 T. R. 765, and *Hayne* v. *Maltby,* 3 ib. 438. The first was assumpsit, the plea special, and unquestionably from the action, the defence proper. The second was covenant, but the case does not sustain a general plea, nor does it establish that fraud is a defence on a specialty. The pleas were special and the deed not contradicted, but avoided by collateral matter, and Lord *Kenyon,* in answer to the objection of an estoppel, and distinguishing the case before him from one relied on, assumed ground entirely opposite to the support of a plea *per fraudem,* such as is now under examination. These cases, therefore, neither support the plea, nor the unqualified dictum of Chitty, "that fraud is a defence at law."

In *New-York,* in a series of adjudications, although fraud is admitted to be a defence in the action of assumpsit, it is denied to be such in an action on a bond. *Dorlan* v. *Sammis,* 2 Johns. R. 179, in a note.—*Vrooman* v. *Phelps,* 2 ib. 177.—*Beecker* v. *Vrooman,* 13 ib. 302.—*Dorr* v. *Munsell,* 13 ib. 430.—*Parker* v. *Parmele,* 20 ib. 130.—*Dale* v. *Roosevelt,* 9 Cow. R. 307—*Stevens* v. *Judson,* 4 Wend. R. 471.

In *Dorr* v. *Munsell,* which was debt on a bond, there were three pleas—1. *non est factum;* 2. a special plea of fraud; 3. a general plea of fraud. On demurrer to the 2d plea, C. J. *Spencer* said, "at law, the defendant cannot avoid a solemn deed on the ground of a want of consideration. That inquiry is precluded by the very nature of the consideration. In some elementary writers it is said, that fraud may be given in evidence under the plea of *non est factum.* This must be confined to cases where the fraud relates to the execution of the instrument; as if a deed be fraudulently misread, and is executed under that imposition, or where there is a fraudulent substitution of one deed for another, and the party executes a deed he did not intend to execute." The plea was adjudged insufficient.

*Dale* v. *Roosevelt* was an action of covenant, and *non est factum* was pleaded with a stipulation, "that the defendant might give in evidence under the plea, all matters which he might do, as if the same had been specially pleaded, or notice thereof given."

The defendant offered to prove, that the execution of the bond had been induced by the fraudulent representations of the plaintiff, that the lands mentioned in it contained a coal mine, which was untrue: the offer was overruled. It was said, "the offer was no more than to prove a partial failure of consideration, and that this was no defence to a sealed instrument. Matter may be shown, which strikes at the contract itself, in such a manner as to show it had no legal entity, as usury, simony," &c. The well-settled distinction was also taken in this case, between the illegality of the consideration, and the want or failure of consideration, and the Court said, "that any matter which shows the consideration illegal by the common law or statute, may be given in evidence under *non est factum*, and that in a Court of law, a bond cannot be invalidated for any other cause than the illegality of the consideration, as when the bond is void in law or procured by fraud."

The cases of *Chew, ex'r. of Wormeley*, v. *Moffett*, 6 Munf. R. 120, and *Taylor* v. *King*, ib. 358, are accordant, and show that fraud cannot be pleaded to an action at law on a bond, and limit its proof on the plea of *non est factum*, to the mere execution of the deed; and in a late case, *Tomlinson's adm'r.* v. *Mason*, 6 Rand. R. 169, in an action on a bond, that Court has said, in relation to a general plea of fraud, covin, and misrepresentation, "The third (alluding to that plea) does not state whether the fraud and misrepresentation affected the consideration of the bond, or the manner of its execution, and therefore presents no point on which an issue could be taken, or judgment rendered."

We have a statute which authorises a defendant to allege, by "special plea," the want or failure of the consideration of a specialty. This is unquestionably an important change, and a great improvement of the common law; but it surely does not amount to a radical change of all the rules of pleading, governing actions on specialties, nor can the statute, authorising a "special plea" of the want or failure of the consideration of a specialty, be construed to alter the rules of evidence, applicable to the plea of *non est factum* and other pleas, or legitimate a general plea of fraud, which leaves at large the application of testimony under it. The statute permits a defence at law, which was previously confined to a Court of chancery; and when it authorises a defendant, by "special plea," to allege the want or the failure of the consideration, it could not contemplate

that a general plea *per fraudem*, without setting out the facts relied on, and applying them either to the want or to the failure of the consideration, would be sufficient. The word "special," applied to a plea, has a known, legal, and technical import, to which I have adverted, and of which it is inadmissible to presume the legislature to have been ignorant. The statute provides two separate and distinct grounds of relief at law, by special plea, neither of which was available at common law. In the language of the Court in the case of *Tomlinson's adm'r.* v. *Mason*, may I not say, "that this plea does not state whether the fraud and misrepresentation affected the consideration of the bond, or the manner of its execution, and therefore presents no point, on which an issue could be taken or judgment rendered." Exclusive, however, of this decision, directly in point, and of our statutory provision, I regard the plea as insufficient, and opposed to the principles to which, sustained by authorities, I have adverted.

Before I direct my attention to the case of *Pence et al.* v. *Smock*, I will remark, that the want or the failure of the consideration of a specialty, may arise from circumstances unconnected with fraud on the part of the obligee, or may arise from his fraudulent act. The statute does not seem to contemplate fraud as essential to either defence; but when either is used, it must be by "special plea;" consequently, the plea in this case, being general, cannot apply. Its application to the execution of the specialty is equally as inadmissible, since, from the positions assumed, matter of that character, if not admissible under the plea of *non est factum*, must be specially pleaded.

From this examination, in which the common law and its exposition by enlightened Courts, and our particular statutory provisions are presented, I am brought to the conclusion, that the Circuit Court was correct in its judgment. Here I would willingly stop, but as my opinion is in conflict with the case of *Pence et al.* v. *Smock*, which has been reviewed in the opinion just delivered, and recognised as law, it would seem proper that I should, also, examine the principles of that case:

In that case, at its *May* term, 1830, this Court held a plea, such as the present, good, and say, "the objection is, that the particulars of fraud are not set out. This general mode of pleading fraud, we conceive to be correct. It is supported by good authority." *Wimbish* v. *Tailbois*, 1 Plowd. R. 38, 54,—

*Tresham's Case*, 9 Co. 108,—3 Chitt. Pl. 563,—*Mason v. Evans*, Cox's R. 182,—*Gordon* v. *Gordon*, 1 Stark. R. 294, are cited. These cases do not establish to my satisfaction the sufficiency of the plea. They are decisive of the law as far as they go. They relate, however, to replications and to pleas presenting matter collateral to actions, and not to such as constitute their foundation. The case of *Tailbois* was trespass *quare clausum fregit*: plea, *liberum tenementum;* and replication thereto, covin in the recovery of the land set out in the plea. The replication was founded on the statute 11 *Hen.* 7. c. 26, by which it is enacted, "That upon recovery by covin, it shall be lawful for the person to enter into the same tenements," &c. Replication adjudged good, although it showed covin generally. *Hales*, J. said, "that when statutes speak of covin generally, it shall be shown generally, but otherwise of covin at common law." *Tresham's Case* was debt on bond against an administratrix. Plea, debts by recognizances acknowledged, &c. and unpaid. Replication *per fraudem* and adjudged good. The reference to 3 Chitt. Pl. 563, shows a form of a replication *per fraudem* to a plea of release. *Gordon* v. *Gordon* was covenant, and the case went off, without adjudication, upon a plea of fraud. Chitty, (1st vol. on Pl. 553,) treating of replications, says that "it is in general unnecessary to state the particulars of fraud." He cites *Tresham's Case* and other cases, which relate however to replications *per fraudem.* In *Sherwood* v. *Johnson*, 1 Wend. R. 443, the Court overruled a demurrer to a replication *per fraudem*, to a plea of judgments outstanding, and C. J. *Savage*, delivering the opinion of the Court, sustains the text of Chitty above cited, and says, "it is sufficient to allege fraud generally." This approval was, however, confined to the particular point before the Court.

From this general view of the question, I am compelled to dissent from the opinion just delivered. In doing so, I feel less reluctance than I otherwise should, from the reflection, that if there be error in the view I have taken, the error is harmless in its operation upon the interests of litigants in this Court.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*C. Fletcher*, for the plaintiffs.
*A. Kinney*, for the defendant.