32  133
e68  414
e68  415

## NICHOLS, App't, *v.* DAY, Adm'x.

Upon a petition for license to sell real estate of a person deceased, for payment of debts, a judgment recovered against the administrator is not conclusive evidence of indebtedness against the heirs of the real estate.

Such a judgment may be impeached, on the ground that it was recovered by fraud or collusion of the administrator.

But if the heir, though not notified, has appeared, and taken upon himself the defence of the action, and has been fully heard, without interference of the administrator, he will be bound by the judgment.

THIS is an appeal from a decree of the Judge of Probate, made in August, 1849, granting license to the appellee, as administratrix of the estate of Little Day, deceased, to sell real estate of the deceased to the amount of two hundred and twenty-five dollars, to pay the debts and claims against the estate.

The reasons of appeal are in substance that the personal estate is sufficient to pay all the *bonâ fidé* claims against the estate which ought in law or equity to be paid, and that one of the alleged debts against the estate is a judgment obtained by Daniel J. Day against the administratrix, at the Court of Common Pleas, September term, 1848, and that the same was obtained by the fraud, covin and collusion of the administratrix, and ought not to be paid out of the real estate.

It is admitted that it is necessary that this sale should be made, if the claim of Daniel J. Day is properly chargeable against the real estate, but not otherwise.

The whole controversy depends upon the question whether that claim is to be allowed or rejected.

The appellant is one of the heirs, and entitled to a share of the real estate of the deceased.

The estate was represented insolvent, and a commissioner appointed. Among the claims allowed by the commissioner was the claim of Daniel J. Day.

It appears that the deceased, Little Day, conveyed to Daniel J. Day a farm in Derry, by a warranty deed, with the usual covenants. After the decease of Little Day, his widow became entitled to dower in the farm, and the same was assigned and

Nichols *v.* Day.

set off to her.   Daniel J. Day presented his claim to the com-missioner for this breach of covenant, and it was disallowed. He appealed, filed his appeal and declaration, procured an order of notice, of which the administratrix acknowledged service, and regularly entered his appeal at the Court of Common Pleas, September term, 1847, and Mr. Porter appeared for Nichols, the appellant, and Leonard Day, another of the heirs.

By an agreement of the claimant and the administratrix, the action was referred, and the appellant, with his counsel, appeared before the referees and made defence to the claim, and was fully heard.   The referees made an award in favor of Daniel J. Day, and returned their report to the court, which was accepted, and judgment rendered upon it, and the judgment certified to the Judge of Probate, and the amount entered upon the list of claims.

The appellant appeared and was heard before the commis-sioner, but he was not notified of the appeal, or of the hearing before the referees, but no objection was made in his behalf on that account before the court or the referees.   The administra-trix did not appear before the court, or at the hearing by the referees.

*Marston,* for the appellant.

*Stickney* and *Tuck,* for the appellee, contended that the judg-ment rendered in favor of Daniel J. Day, which has never been reversed, but remains in full force, is final and conclusive upon all parties, and is a demand chargeable by law upon the estate of the deceased, and that the personal estate being insufficient, the administratrix should have license to sell real estate to pay it.

The judgment of a court of competent jurisdiction cannot be impeached or attacked in a collateral manner.   This question was examined by the court in *Lamprey* v. *Nudd,* decided in Rockingham, December term, 1854, (9 Fost. 300,) in which it was attempted to avoid, collaterally, a judgment, on the ground that the person was insane when judgment was rendered against

him ; but the court decided that the judgment could not be impeached or avoided in a collateral manner, but remained in force, and binding upon all parties, though erroneous, until it was reversed by writ of error, or in some other proceeding specially instituted for the purpose. When this claim was entered upon the list of claims against the estate, it became a matter of record in the Court of Probate, and was a legal claim, binding and conclusive upon all parties. *Bryant* v. *Allen*, 6 N. H. 116. This, we think, is a full and conclusive answer to the objection to the claim of Daniel J. Day.

2. If you go behind the judgment and inquire into the proceedings, their charge that the judgment was obtained by fraud, covin and collusion of the administratrix, is not sustained by the evidence, but on the contrary it will appear that Daniel J. Day had a legal claim against the estate of Little Day, which was legally maintained.

Through all the proceedings before the commissioner, at the court, and before the referees, Nichols, the appellant, appeared and was heard, and he made no objection to the regularity of the proceedings, and we say it is now too late for him to object to them. He was allowed by the Court of Common Pleas to appear and make defence to the claim at the first term, and he could have taken exception to any irregularity in the proceedings, and could have objected to the reference, if he had desired to do so ; but he made no objection to the case being referred, nor to any irregularity in the proceedings, but defended the case upon its merits, and we say he thereby assented to the reference, and to the regularity of the proceedings, or at any rate he thereby waived any irregularity, if there was any ; and it is too late for him to object to them in the present stage of the proceedings.

It is said that no service was made upon the administratrix within the time required by law ; but she acknowledged service as she had a right to do. The object of the order of notice was to give the administratrix notice of the appeal ; this object was effected by presenting to her the appeal, declaration, and ord er

and letting her acknowledge service. She had a right to waive
the service. Statutory provisions for the benefit of individuals
may be waived. *Hanover* v. *Weare*, 2 N. H. 131; *Page* v.
*Pendergast*, 2 N. H. 235; *Flint* v. *Clinton Co.*, 12 N. H.
364. In *Hanson* v. *Hoitt*, Admr., 14 N. H. 56, it was held
that an administrator might waive the service of notice in a case
of this kind, or other irregularity in the proceedings. This
might be done in express terms; and if the administratrix
appeared and did not take the exception at the first term, it was
too late afterwards to take the exception, and all irregularities
of that kind would be waived.

The administratrix acted in good faith, and exercised a sound
discretion in referring the case. She had the right by the com-
mon law to refer it. It is the duty of an administratrix to act
for the greatest benefit of the estate, and to settle all claims
in the easiest and best way. An administrator may compound
with a debtor, though the statute gives him no such authority.
He has that right by the common law. Wyman's Appeal, 13
N. H. 18. If she can compound a claim without authority
from the statute, it would seem that she could refer a claim and
settle according to the award of the referees. In this case it
was referred under a rule of court, the court accepted the report
and rendered judgment upon it. This sanctions the proceedings
at the reference, and it is unnecessary for her to show any thing
further as to the merits of the claim. The appellant making no
objection to the reference at the time, and appearing before
the referees without objection, his assent to the reference is to
be inferred; and it is too late now for him to make any objec-
tion on that account, even if the administratrix had no au-
thority to refer the case.

It is said the administratrix did not appear and make defence
to the action. It was not necessary for her to make defence,
because the appellant and other heirs, who were the parties in
interest, took upon themselves the defence of the claim from the
beginning. They appeared and made defence before the Com-
missioner, at the court, and before the referees, and it was not

Nichols *v.* Day.

necessary for the administratrix to be at the further expense of making a defence.

It is not pretended that the referees were not proper and competent men. The claim was well founded, and legal, and the only question was the amount of the damages. Daniel J. Day thinks the damages awarded were much too small, and there is no evidence, and it is not pretended, that they were too high or unreasonable. We therefore see no reason why the administratrix should not have license to sell the land to pay this debt.

BELL, J.   This appeal is well taken, if the claim of Daniel J. Day can be shown to be unfounded or fraudulent. It is contended that the judgment is conclusive as to this claim, until it is set aside or reversed, against the estate, and upon all parties, and therefore license was properly granted to sell real estate to pay it.

Though judgments rendered by a proper court are conclusive, till reversed, against parties and privies, yet generally they are not so against strangers.

The parties to this proceeding are the administratrix, who petitions for the license, and one of the heirs, who resists it. The administratrix represents the estate, and all interested in the estate, who must claim through her, but in any case where the claim of a party is set up in opposition to her, they stand in the position of strangers. Thus on the settlement of the administration account, the creditors and the heirs are not concluded by a recovery against the administratrix, but they may show that any payment was improperly made; and this right will not be impaired by proof that a judgment has been recovered for the amount, if it can be shown that the judgment was collusively obtained.

At common law a plea of judgments recovered and no assets *ultra,* is a good plea for an administrator, but it is a good replication, that such judgment was either recovered by collusion, or kept alive by fraud. Tresham's Case, 9 Co. 110; *Sherwood* v. *Jonson,* 1 Wend. 443; *Hoit* v. *Holcomb,* 3 Fost. 549.

In the present case the position of the appellant is that of opposition to the administratrix. He claims nothing under her, and is entitled to show, if he can, that he is not bound by her proceedings. She has allowed a judgment to be recovered against her, by which she is finally bound; she now asks the authority of the Court of Probate to apply to the payment of it property which has descended from her intestate to the appellant, and over which she has none but a modified control, under such license. As between the estate and the claimant, all parties interested in the estate under administration are bound, but when the claimant stands on one side, and the question arises between the administratrix and other creditors, or heirs, they are not bound.

At common law a judgment against the administrator binds the estate under administration, but it does not bind the heir at law of the real estate, because the real estate constitutes no part of the assets under administration.

The heirs may in general show that a judgment was collusively recovered upon a debt known not to be due, in any proceeding where their interest is at variance with those of the administrator, and in opposition to his claims.

It becomes, then, necessary to inquire whether there is any thing in the facts shown in this case to distinguish it from the ordinary case of a judgment recovered against an administrator.

And first, it is said that the claim of Daniel J. Day, having been rejected by the commissioner, no notice of the appeal was served on the administratrix within the period of thirty days prescribed by the statute. This objection, if true in fact, as we take it not to be from the amended report, would have been fatal to the claim, if seasonably insisted upon. But it is a general rule, that objections to the regularity of the proceedings, which are substantially of the nature of pleas in abatement, are waived by a neglect to take advantage of them at the earliest reasonable and practicable opportunity. The appearance of the administratrix without objection, and her agreement to submit the claim to a reference, was a waiver of all objection on her part, by

Nichols v. Day.

which she is concluded. The utmost use which could be made of these facts, might be as evidence of collusion on her part with the claimant, and her neglect to enter any appearance, which is another objection, would fall into the same class. An appearance having been specially entered for the heirs in the defence, the submission by the administratrix to a reference, without consulting the heirs, would have the same unfavorable aspect. The appeal was taken by the heirs and not by her; it was taken by them for the protection of their own interests in the real estate descended to them, with which she ought not to interfere. If the heirs had suffered the case to proceed without further interference by them, they would have stood in a position to have treated her course as fraudulent towards them, because they might contend it was collusive with the claimant.

But it appears, that, though present in court, the counsel for the heirs submitted to the agreement for a reference. He raised no question and made no objection to the reference or to the referees; and a hearing was had, at which the administratrix did not appear, but the heirs attended, and without making any protest, entered upon a defence. Of this hearing no formal notice was given to the heirs, but they made no objection on this account before the referees, but laid before them their evidence and arguments. Upon the report of the referees coming before the court, allowing the claim, no objection was made on any of these grounds, and it was accepted and judgment entered.

It is obvious that there is a wide difference between a judgment thus rendered, and one of which the parties complaining had no notice, or in relation to which they had taken no active part. And the substantial question to be considered is, whether they can now claim to be considered as strangers, and thus entitled to impeach this judgment, or whether they ought not rather themselves to be regarded as parties to the proceeding, and consequently bound by it.

The rule on this subject is thus laid down in *Chamberlain* v. *Carlisle*, 6 Fost. 551. "The record, when competent as evidence, binds both parties and privies; all who have a mutual

or successive relationship to the same rights; privies in law, privies in blood, and privies in estate; all who have the right to adduce testimony, or cross examine the witnesses introduced by the other side; all who have a right to defend the suit, or to control the proceedings, or appeal from the judgment. All others are strangers, and the judgment is not conclusive upon them."

In *Burrill* v. *West*, 2 N. H. 192, it is said, " It is not necessary that he against whom a judgment is to be used as evidence should have been actually a party to the suit in which it was rendered. But in general, notice of the suit, and an opportunity to be heard, seem indispensable to make the judgment evidence;" and in *Thrasher* v. *Haines*, 2 N. H. 443, " a judgment may be evidence against strangers, as if a third person is answerable over for a defendant, and is notified of the proceeding, he will be bound; so, if the person can be shown to be the real party; *Boynton* v. *Willard*, 10 Pick. 166; or has agreed to be bound by the judgment; *Patten* v. *Caldwell*, 1 Dall. 419."

In the present case the appellant is shown to be the real party; that is, the party who alone took part in the trial of the former case. He was the party whose estate was answerable for the judgment recovered. Though formal notice to him is not shown, he was informed of the whole proceeding, and took the defence on himself. He had full opportunity to be heard, and was heard. He had the right to adduce evidence and to cross-examine the witnesses on the other side, and availed himself of both; he had the right to defend the suit, to control the proceedings, and to adopt any necessary steps for a further hearing, if required. Under these circumstances, he must be regarded as effectively a party, and must therefore be concluded by the judgment.

*Appeal dismissed.*