Nov. Term,
1859.

CHENOWITH
v.
CHENOWITH.

*C. L. Dunham*, *W. T. Otto*, and *H. Heffren*, for the appellant.

---

CHENOWITH *v.* CHENOWITH.

If a *feme covert* obtains a divorce and alimony, she has no interest, as survivor, in the estate of the husband.

Saturday,
December 24.

APPEAL from the *Boone* Circuit Court.

HANNA, J.—Application for divorce, which was granted on account of the misconduct of the husband. The custody of the offspring of the marriage, one child, was decreed to the wife, and 1,000 dollars alimony [allowed her], to be paid in installments, if security should be given; if not, execution to issue, &c.

. It is insisted that the amount of alimony awarded is

excessive, and the judgment erroneous in not specifically pointing out the form of surety to be given, and the manner of its approval.

The argument in regard to the amount of alimony is, among other things, pressed upon the hypothesis that such allowance is not in lieu of interests which the appellee might have in the appellant's property if she should survive him. In other words, that she may yet insist upon those rights, &c., notwithstanding the divorce, if she should survive him. This is a mistake; her marital interest, as survivor, depended upon her being his wife at the time of his death. Bish. on Mar. and Div., pp. 661, 667, 797.—*Rourke* v. *Rourke*, 8 Ind. 438.—*Rice* v. *Rice*, 6 *id.* 106.—*Whitsell* v. *Mills, id.* 229.

As to the form of the judgment, it is insisted by the appellee that no question is before the Court in relation thereto. No objection, motion, nor application to the Court, in any form, nor exception to the ruling of the Court, in regard to the rendition of said judgment, appears in the record. We are, therefore, of opinion that there is, upon that point, nothing before us for our decision. There was no motion, assigning causes in writing, for a new trial, as required by statute.

*Per Curiam.*—The judgment is affirmed with 3 per cent. damages and costs.

*A. J. Boone*, for the appellant.

*L. C. Dougherty, J. E. McDonald*, and *A. L. Roache*, for the appellee.