Bayless *v.* Tousey.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded for a new trial.

*J. C. Applegate,* for the appellant.

*Graham & Graham,* for the appellees.

---

## BAYLESS *v.* TOUSEY.

PRACTICE—DISCONTINUANCE.—Under the code, where the plaintiff in an action demands a specific sum, and the defendant answers as to a part of the cause of action, and the plaintiff thereupon demurs to such partial answer, but does not at the same time pray judgment for the unanswered part of his cause of action, such omission shall not work a discontinuance of his action, but, with leave of Court, he may so amend his prayer as to obviate the objection. The spirit of the code requires that every cause shall be tried upon its merits.

APPEAL from the *Decatur* Circuit Court.

PERKINS, J.—Suit upon a promissory note for 680 dollars.

Answer, as to 200 dollars of the note, a failure of consideration.

Demurrer to the answer without praying judgment for the part of the cause of action left unanswered.

The defendant then appeared specially for the purpose of moving for judgment of discontinuance against the plaintiff. On that motion being made, the plaintiff asked leave to withdraw his demurrer, and reply to the answer. The Court granted the leave and refused judgment of discontinuance.

Bayless *v.* Tousey.

The plaintiff then craved judgment as to the part of the complaint unanswered, and replied to the answer to the other part. The Court then tried the issue formed, found it for the plaintiff, and rendered final judgment in his favor for the amount of the note and interest.

The defendant appeared specially at every step, for the purpose of objecting and excepting.

He appealed to this Court from the judgment.

The only question for decision is, did the Court err in refusing the judgment of discontinuance, and in permiting the plaintiff to amend or change his defective pleading?

The word discontinuance is not limited to a single legal use. Discontinuance, at common law, was the termination of an estate, or of a suit at law.

Where a tenant intail, or perhaps any tenant of the freehold, assumes to convey a larger estate than he possesses, it works what is called a discontinuance of the estate as to remainder-man or reversioners. 3 Black. 171.

In the progress of a suit at law, a discontinuance of it might occur in either of these modes, viz:

1. The plaintiff might voluntarily discontinue, or dismiss his suit; 8 Pet. Abr. 383; and this he may do under the code. 2 G. & H. 216.

2. The Court might compel the plaintiff to discontinue by dismissing his suit for disobedience to some order of Court; and this may be done under the code. 2 G. & H., *supra.*

3. There were discontinuances by operation of law. *Petersdorf,* in his abridgement, vol. 8, p. 387, enumerates some eleven or twelve different examples of discontinuances belonging to this division, many of which, certainly, would not be held to occasion discontinuances under our code; for example, demurring or replying to a plea in bar, as if it were a plea in abatement; failing to pray judgment, or proper judgment, in a reply, &c.

*Blackstone*, vol. 3, p. 316, says: "And, after issue or demurrer joined, as well as some of the previous stages of proceeding, a day is continually given and entered upon the record for the parties to appear or from time to time, as the exigence of the case may require. The giving of this day is called the *continuance*, because thereby the proceedings are continued without interruption from one adjournment to another. If these continuances are omitted, the cause is thereby discontinued, and the defendant discharged, *sine die*, for this term; for by his appearance in Court he has obeyed the command of the King's writ; and unless he be adjourned over to a certain day, he is no longer bound to attend upon that summons." This is not now the law in *Indiana*. But see the case of *Rose v. Comstock*, 17 Ind. 1.

Again, says Mr. *Chitty*, if an answer assume to, and do only answer a part of a cause of action alledged in a complaint, the plaintiff should crave judgment for the part unanswered, as by *nil dicit;* and "if he demur or plead over, without taking such judgment, the whole action is discontinued." 1 Chit. Pl. p. 523.

Under this authority it is claimed that, in the case at bar, there was a discontinuance. The authority is in point, as a general proposition, and if it correctly lays down the common law rule, and that law, on this point, governs in *Indiana;* then, if a discontinuance could not be remedied by amendment, the Court below erred in its ruling in this case.

In *New York* it is denied that Mr. *Chitty* correctly lays down the common law rule; see American note to 1 Chitty, *supra;* and if he does, we doubt its harmony with our code; but however this may be, it is stated in an English note to the page of Chitty cited, that "the plaintiff may rectify his mistake by taking judgment [for the unanswered part of the cause of action,] at any time during the same term. Stra. 303; Lord Raymond, 716; 1 Salk. 180." See, also, *Henry v.*

*Richards*, 1 Henry Blackstone, 645. This recognizes the right, in such case, to amend, and accords with the spirit of our code of practice, which is that a suit once in the proper Court need never go out until it is decided upon its merits.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

*Oscar B. Hord* and *Cortez Ewing*, for the appellant.

*Samuel Bryan*, for the appellee.