McDougle et al. *v.* Gates et al.

McDougle *et al. v.* Gates *et al.*

Pleading.—An answer setting up, in bar of a whole cause of action, a matter which constitutes a bar to only a part of it, is bad. For forms of answers and replies in such case, see the opinion at length.

Discontinuance—Waiver.—An appearance, after a discontinuance, waives it; and the taking of final judgment for the unanswered part of a cause of action, at any time during the term, will prevent a discontinuance, if such judgment be taken before the entry of judgment of discontinuance.

APPEAL from the *Decatur* Circuit Court.

Perkins, J.—Suit upon a note. The defendants answered, nominally, in bar of the whole complaint, that, "as to all of said sum of money sued for, except 100 dollars, they fully paid the same, before the commencement of this suit, viz: on the 10th of *December*, 1860."

This answer purported, in its commencement, as we have said, to go in bar of the whole cause of action, when the facts set forth in it were only a bar to a part of it. For this reason, the answer was bad.

The answer might have been thus: The defendants come, and for answer to all of the plaintiffs' cause of action, except the sum of 100 dollars, they say they have paid, &c.

The plaintiffs, however, did not demur, but replied, in denial, without craving judgment for the answered part, viz: "The plaintiffs, for reply, deny that any part of said note has been paid."

The reply might have been thus: The plaintiffs, as to all of their cause of action which remains unanswered, viz: the sum of 100 dollars, pray judgment, and as to the answer to the balance of said cause of action, they deny each and every allegation contained therein.

The next entry after the reply in denial is this: "And thereupon this cause is submitted to the Court for trial."

After this was done, the record says "the defendants entered a special appearance for the sole purpose of moving the Court to enter a judgment of discontinuance herein," but the Court overruled the motion, heard the cause, and rendered final judgment for the whole cause of action sued on. The appellants cite, to show that the cause was discontinued by the failure of the plaintiffs to pray judgment for the part of the cause of action unanswered by the answer. 3 Black. Comm. 296; Steph. on Pl. 216; Bouvier's Dic. *p. t.; Hope* v. *Acher,* 7 Abb. (N. Y.) Rep. 308; Bacon's Abr. vol. 7; Tit. Pleading; 8 Blackf. 89; *Rose* v. *Comstock,* 17 Ind. 1. We may cite, in addition, to the point that a general appearance, after a discontinuance, waives it, *Clark* v. *The State,* 4 Ind. 268; and to the point that taking final judgment for the unanswered part of the complaint, at any time during the term, may prevent a discontinuance, if such judgment be taken before the entry of judgment of discontinuance, *Bayless* v. *Tousey,* 20 Ind. 151.

*Per Curiam.*—The judgment below is affirmed, with 1 per cent. damages and costs.

*John S. Scobey* and *Will. Pound,* for the appellants.
*Samuel Bryan,* for the appellees.