## BILLAN v. HERCKLEBRATH.

NOTE—VERBAL AGREEMENT.—An answer relying upon a verbal agreement, made at the time of execution of a note, changing the time of its payment, is bad.

ANSWER.—An answer to a complaint on a note, setting up that the note was given for the last installment of real estate, in the deed to which the wife did not join, but against whose right in the property the grantor agreed to indemnify the grantee, that he had not executed the indemnity, and that the wife had obtained a divorce in *Ohio*, with $1,000 alimony, was held bad.

DIVORCED WIFE.—A divorced wife, as such, has no interest in the real estate of her husband.

FOREIGN JUDGMENT—LIEN.—A judgment rendered in *Ohio* is no lien on property in *Indiana.*

PLEADING—CONSIDERATION.—A general answer of no consideration is good. An answer of entire or partial failure of consideration must set out the facts showing the failure.

SAME.—If a partial failure is answered, the answer should not purport to bar the whole action.

SAME.—Under an answer setting out facts showing entire failure a partial failure may be proved and allowed.

APPEAL from the *Fayette* Common Pleas.

PERKINS, J.—Suit by an assignee upon a promissory note.

The defendant answered the general denial, and specially that:

1. The note was given for the last installment of real estate, in the deed to which the wife did not join, but against whose right in the property the grantor agreed to indemnify the grantee; that he had not executed an indemnity; that the wife had obtained a divorce in *Ohio,* with $1,000 alimony, etc.

2. The second special paragraph was substantially like the first, excepting the averment that it was agreed, on the making of the note, that it should not be collectable till the interest of the wife was released, etc.

The paragraphs both conclude with the averment that the consideration of the note has wholly failed. The paragraphs are both bad.

So far as they rely upon a parol agreement, varying the time of payment of the note, they are bad, because proof of such agreement is inadmissible; and an answer relying upon matter of defense which it is inadmissible to give in evidence, must be bad.

So far as they rely on the failure to execute an indemnifying instrument, they are bad, because they not only do not show any injury, but they show that injury never can happen. They show what renders a release or indemnity unnecessary; viz: an act of the, wife,. which extinguished her interest in the property sold by her husband. She would not be the wife of her husband at his death, by virtue of the marriage which had been dissolved, and hence would have no interest in the real estate in question. 14 Ind. 2. The *lex loci* governs as to rights in real property; see note to *Hiestand* v. *Kuns,* 8 Blackf. 350; and as to the judgment for alimony, it having been rendered in *Ohio,* is no lien on property in *Indiana;* and if rendered upon constructive notice, is perhaps of no validity as a cause of action even; *Beard* v. *Beard,* 21 Ind. 321; though the statute of *Ohio* might change this latter proposition. These paragraphs of answer are bad for

another reason : they seek to show a failure of consideration. This is the construction the pleader claims for them. Now, while a general answer of no consideration is good, a general answer of entire or partial failure of consideration is not good. Bick. Pr. 86.

An answer of entire or partial failure of consideration, must set out the facts showing the failure; and if they do not show such failure, the mere averment of failure in conclusion will not help the answer.

If a partial failure is answered, then the answer should not purport to bar the whole, but only such part, of the cause of action. *McDougle* v. *Gates*, 21 Ind. 65. Under an answer setting out facts showing an entire failure, a partial failure may be proved and allowed. *Landry's Administrator* v. *Durham et al.*, 21 Ind. 232.

In the case at bar, the special answers were bad for want of sufficient facts. They did not show how much the whole consideration for the property was, and gave no data by which the court could determine what deduction should be made for the wife's interest, supposing her to have had any.

As the legal title to the note was in the plaintiff, and the complaint does not exclude the conclusion that the beneficial might be also, and there is no special answer denying the fact, the judgment for the plaintiff must be affirmed.

*Per Curiam.*—Judgment is affirmed, with costs, and five per cent. damages.

*John S. Reid*, for appellant.

*B. F. Claypool*, for appellee.