NEW-YORK,
May, 1831.

Sanders
v.
Betts.

---

### Sanders *vs.* Betts.

In a *covenant of warranty* in a deed of lands, where the grantor covenants to warrant the premises against himself, his heirs, &c. and against all and every other person or persons claiming or to claim the said premises, or any part thereof, *from and under him the said party of the second part*, the words, *the said party of the second part*, will be rejected as *repugnant*.

DEMURRER to declaration.    This suit is for the breach of a covenant of *warranty*, contained in a deed of land conveyed by the defendant to the plaintiff.    The covenant is in these words : " And the said party of the first part, for himself, his heirs, &c. doth covenant, grant, bargain, promise and agree to, and with the said party of the second part, his heirs and assigns, to forever warrant and defend the above bargained premises, and every part and parcel thereof, now being in the quiet and peaceable possession of the said party of the second part, against the said party of the first part, his heirs, &c. and against all and every other person or persons claiming or to claim the said premises or any part thereof, *from and under him the said party of the second part.*"    The declaration contains two counts : In the first, the covenant is stated as a general covenant of warranty against the grantor, his heirs, &c. and all and every other person or persons claiming or to claim the bargained premises.    In the second, it is stated as a covenant against the grantor, his heirs, &c. and against all and every other person or persons claiming or to claim the premises from and under him the *grantee*.    The defendant demurred.

*J. Clapp*, for defendant.

*J. C. Clark*, for plaintiff.

*By the Court,* SUTHERLAND, J.   The case depends upon the
true construction of the defendant's covenant.   The plaintiff
contends that it is a general covenant of warranty; the de-
fendant, that it is a covenant merely against his acts, and the
acts of those claiming or deriving title under him.   It is in
these words: " And the said party of the first part, for him-
self, his heirs, &c. doth covenant, grant, bargain, promise
and agree, to and with the said party of the second part,
his heirs, &c. to forever warrant and defend the above bar-
gained premises, and every part and parcel thereof, now be-
ing, &c. against the said party of the first part, his heirs, ex-
ecutors, administrators and assigns, and against all and every
other person or persons claiming or to claim the said premises
or any part thereof, from and under him the said party of the
second part.   In witness whereof," &c.   The plaintiff, in his
construction of the covenant, rejects the words, "*from and un-
der him, the said party of the second part*," as being repugnant to
the preceding matter.   The defendant, on the contrary, contends
that *second* is used by mistake for *first,* and that it was obvious-
ly the intention of the parties to make it a limited, and not a
general covenant; the latter appears to me to be the legal ef-
fect and construction of the instrument.   The grantor certainly
did not intend *to* protect the grantee against an eviction by
persons claiming under the grantee himself; this is an absurd-
ity which is not to be supposed.   If the word *second* had been
omitted, and none other substituted in its place, there can be
no question, that in construing the covenant, the word *first*
would be implied or understood, because such would appear
to have been the intention of the parties.   The word *second,*
therefore, may be rejected as repugnant.   In truth, "*the said
party of the second part*" is mere surplusage and tautology.   The
covenant was complete without those words.   Rejecting them,
we leave a limited covenant, clearly and technically express-
ed; and the rule in the construction of all instruments is to
give effect to all the words used, if practicable; to reject on-
ly such as are senseless or repugnant.   We have no right,
therefore, to reject the words, *from and under him;* and retain-
ing them and rejecting all that follows, the legal effect is the
same as though the word *first* had been inserted instead of *se-*

*cond.* The following authorities will be found to embrace the general principles applicable to cases like this : Touchstone, 87, 88, 166, 7, 8 ; 3 Caines, 417 ; 1 Wendell, 231,397. The plaintiff, therefore, has mistaken the legal character and effect of the covenant, and both counts of his declaration are radically bad.

Judgment for defendant on demurrer.