## Westcott *vs.* King, impleaded with Hays.

A bond executed by H., K. & W. to R. & H. recited that R. & H. had purchased of F. his stock in trade, an inventory of which was annexed marked A, amounting to $349,73, which was bought by F. of H. & H. of New-York; also goods purchased by F. of D., K. & S., of which an inventory was annexed marked B, amounting to $144,06; that R. &. H. upon purchasing said goods gave to F. in part payment thereof, their note for $705, payable in twelve months; that H. & H., by virtue of a writ of replevin, had seized the goods contained in the inventory marked A, as the property of F.; that D., K. & S. had also replevied the goods in inventory B, as the property of F.; and that R. & H. had purchased of H. & H. and of D., K. & S. severally, the goods contained in said inventories, and given their notes therefor. The bond then witnessed that in consideration of the delivering up and repurchase of the goods by R. & H. and the execution and delivery of their notes therefor, the obligors were held and firmly bound unto R. & H. in the sum of $1000; to which payment, well and truly to be made, they jointly and severally bound themselves, their heirs, &c. The condition was that H. & K. should indemnify and save harmless R. & H.

Westcott *v.* King.

and each of them, of and from the note so given by them to F. to the extent only of the amount of the said inventories, being $490,79, and of and from all costs, charges, &c. arising from or accruing in consequence of the execution or non-payment of said note; R. & H. agreeing not to pay the same, but to allow it to be sued. And it was understood and declared that in case H. & K. should become obligated, by virtue of such instrument, to pay to R. & H., or either of them, any sum or sums of money, and in case any liability against them should be created by the commencement of any suit for the recovery of such note, all such moneys should be paid by them in proportion to the respective amounts of the goods so by them severally sold to R. & H. *Held* that the obligors were *jointly* bound to R. & H.; and that in the absence of any stipulation to the contrary, their obligation to W., their surety, was equally extensive.

Where a surety pays a joint judgment against himself and his two principals, *prima facie* he is entitled to recover back the amount paid by him, from both the principals.

A surety having borne the burden of his principals, stands, in many respects, in the place of a creditor, and may proceed against one or all of them.

THE complaint set forth *in totidem verbis* the following bond or specialty: "Whereas Truman Root and Franklin Hoag, of Saratoga Springs, on the thirteenth day of October last past, purchased of George Ferris his stock in trade situated at Saratoga Springs aforesaid, among which were various goods, wares, and merchandise, an inventory of which is hereto annexed, marked A, amounting to three hundred forty-nine dollars and seventy three cents, which were purchased by the said George Ferris of the firm, consisting of Joel N. Hayes and John L. Heyer of the city of New-York, and among which were also various other goods, wares and merchandise, an inventory of which is also hereto annexed marked B, amounting to one hundred and forty-four dollars and six cents, which were purchased by the said George Ferris of the firm, consisting of Marcus F. Dow, John S. King and John H. Smith of the said city of New-York. And whereas the said Root & Hoag, upon the purchase of the said stock in trade, executed to the said George Ferris, as part payment therefor, their certain note for seven hundred and five dollars, payable to the said George Ferris or bearer, twelve months from date. And whereas the said Hayes & Heyer, by virtue of a writ of replevin, issued out of the supreme court of the state of New-York, in which they, the

said Hayes & Heyer, are plaintiffs, and the said George Ferris is defendant, have replevied the said goods, wares and merchandise contained in said inventory marked A. And whereas the the said Dow, King and Smith, by virtue of a writ of replevin also issued out of said court, in which they, the said Dow, King and Smith, are plaintiffs, and the said George Ferris is defendant, have also replevied the said goods, wares and merchandise contanied in said inventory marked B; all of said goods, wares and merchandise so contained in said inventories marked A, and B, being so replevied from the possession of said Root & Hoag. And whereas the said Root & Hoag have purchased of the said Hayes & Heyer, and of the said Dow, King and Smith, severally, the respective goods, wares and merchandise so contained in said inventories, and executed their notes therefor, payable twelve months after date to the said Hayes & Heyer and the said Dow, King and Smith respectively. Now therefore, know all men by these presents, that in consideration of the delivering up and repurchase of the said goods by the said Root & Hoag, and the execution and delivery by them of the said last mentioned notes, that we, Joel N. Hayes, John L. King and James R. Westcott, are held, and firmly bound, unto the said Truman Root and Franklin Hoag in the sum of one thousand dollars, lawful money of the state of New-York, to be paid to the said Truman Root and Franklin Hoag, their heirs, executors, administrators or assigns. To which payment well and truly to be made, we jointly and severally bind ourselves, our heirs, executors and administrators firmly by these presents. Sealed with our seals, and dated this fourth day of November, one thousand eight hundred and forty-four. The condition of this obligation is such, that if the said Joel N. Hayes and John L. King, their heirs, executors and administrators shall indemnify and save harmless the said Truman Root and Franklin Hoag, and each of them, their heirs, executors and administrators of and from the payment of the said note as aforesaid, executed by the said Root & Hoag to the said George Ferris, to the extent only of the amount of the said two annexed inventories, being four hundred ninety dollars and seventy-nine cents; and shall also save

harmless and indemnify the said Root & Hoag, and each of them, their heirs, executors and administrators of and from all costs, charges, expenses, trouble and liabilities that may arise from, accrue or happen to them, or either of them, or either of their heirs, executors or administrators in consequence of the execution or non-payment of the said last mentioned note, the said Root & Hoag hereby jointly and severally agreeing not to pay the same, but to allow the same to be prosecuted, and in case of such prosecution, agreeing to give said Hayes & King notice thereof, through W. A. Beach, of Saratoga Springs, the said Root & Hoag not, however, being bound personally to defend or carry on any such suit that may be commenced, but to allow the said Hayes & King to use their names for the purpose of contesting the same; then the obligation to be void, else to remain in full force. It being hereby understood and declared, in case the said Hayes & King shall become obligated by virtue of this instrument to pay to the said Root & Hoag, or either of them, or their representatives, any sum or sums of money, and in case any liability against them shall be created by the commencement of any suit for the recovery of said last mentioned note; that all such moneys shall be paid by them in proportion to the respective amounts of the goods as aforesaid, by them severally sold, in their firm names, to the said Root & Hoag." (Sealed and delivered, &c. by KING, HAYES and WESTCOTT.) The complaint then alledged that the plaintiff was surety for King & Hayes, who agreed to indemnify him. That a judgment was recovered against Root & Hoag on the note to Ferris, and they were compelled to pay it. That Root & Hoag thereupon sued King, Hayes and Westcott (parties to this suit) upon this bond, and recovered $683,46 damages, and $122,81 costs; which the plaintiff had been compelled to pay. That no part of this sum had been refunded to him, except that the assignee of Hayes & Heyer had paid $196, leaving $628,05 unpaid, which, with interest thereon, the plaintiff claimed to recover.

The answer of King denied nearly every allegation, and denied knowledge sufficient to form a belief, &c; and denied any promise to indemnify, or that the plaintiff was surety for the

defendant King, except to the extent only of the amount speci-
fied in said bond, as being the price paid by Ferris to Dow,
King and Smith for the goods, to wit, $144,06 ; and insisted
that, by the terms of the bond, the plaintiff was surety for him
only to that extent.

On the trial, the plaintiff proved a judgment in the suit of
*Benedict, et al* v. *Root & Hoag*, for damages $718,42, costs
$22,98, docketed February 16, 1846 ; also a judgment in favor
of Root & Hoag against Hayes, King and Westcott for $683,46
damages, and $122,81 costs, docketed January 14, 1848. A.
Bockes testified that his recollection was, that both defendants
defended the suit brought by Root & Hoag, and that the plain-
tiff paid the judgment. That the point on the demurrer was
that the undertaking by the bond was not a joint but a separate
undertaking, and that King and Hoag could not be sued with
Westcott, nor Westcott with them. It appeared by the record,
that the suit of *Benedict et al* v. *Root & Hoag*, was on a note
for $705, dated October 30, 1844, given to Ferris or bearer, and
payable in twelve months, and judgment was rendered on de-
fault. In the case of Root & Hoag against the plaintiff and the
present defendants, it appeared by the record, that the defend-
ants assigned forty causes of demurrer to the declaration ; and
among others, that it was not a joint undertaking with said West-
cott, but a separate obligation, upon which Hayes & King could
not be sued with the plaintiff, or the plaintiff with them.

*C. S. Lester*, for the plaintiff.

*G. Scott*, for the defendants.

HAND, J. The interests of the two firms, represented by
King and Hays, were distinct; and the schedules of the goods
which each had sold were annexed to the bond; by the last
clause of which, it is stated to be " understood and declared,"
that the moneys that Hayes and King shall be obliged to pay
Root & Hoag, and also in case of any liability created against
them, they shall pay in proportion to the " respective amounts

of the goods as aforesaid, by them severally sold, in their firm names, to the said Root & Hoag."

But, by the bond, Hayes, King and Westcott declare they are held and firmly bound to Root & Hoag in the penalty of $1000, to the payment of which they "jointly and severally" bind themselves. And, by the condition, Hayes and King were to indemnify and save harmless Root & Hoag from the payment of the Ferris note, to the extent only of the amount of said inventories, being $490,79.

As to covenantees, it is said, that one and the same covenant cannot be made both joint and several with them, where the interest is joint. And the rule seems to be, that if the language of the covenant is capable of being so construed, it will be taken to be joint or several, according to the interest of the parties to it. (*See Eccleson* v. *Clipsham,* 1 *Saund.* 153, *and notes; Slingsby's case,* 5 *Co.* 19; *Bradburne* v. *Botfield,* 14 *M. & W.* 559; *Addison* v. *Crick,* 10 *Q. B. Rep.* 106; *Keightley* v. *Watson,* 4 *Exch.* 716; *James* v. *Emery,* 5 *Price,* 529; *S. C.,* 8 *Taunt.* 245; 2 *J. B. Moore,* 195; *Sorslie* v. *Park,* 12 *M. & W.* 146; *Hopkinson* v. *Lee,* 6 *Q. B. Rep.* 964; *Anderson* v. *Martindale,* 1 *East,* 497; *Wakefield* v. *Brown,* 9 *Q. B. Rep.* 209; *Mills* v. *Ladbrooke,* 7 *M. & G.* 218; *Moor,* 260; *Withers* v. *Bucham,* 3 *B. & C.* 254; *Ludlow* v. *McCrea,* 1 *Wend.* 231; *Rawle on Cov.* 453, 454, *and note.*) So far, the authorities seem to agree; but there has been a contrariety of opinion as to how far this construction must yield to an intention evinced by the use of express language. (*Preston's Touch.* 166. *Parke, B. in Bradburne* v. *Botfield, supra. Gibbs. C. J. in James* v. *Emery, supra. Lord Denman, C. J. in Hopkinson* v. *Lee, supra.*) But as to covenantors, they may covenant jointly; or severally; or jointly *and* severally. And, it seems, that they may be bound severally, though the interest be joint. (*Duke of Northumberland* v. *Errington,* 5 *T. R.* 522. *Enys* v. *Donnithorne,* 2 *Burr.* 1196. *Mansell* v. *Burridge,* 7 *T. R.* 352. *And see Robinson* v. *Walker,* 1 *Salk.* 393; *Lilly* v. *Hodges,* 8 *Mod.* 166; 5 *Co. Rep.* 23; *Coope* v. *Twynam,* 1 *Tur. & R.* 426; *Simson* v. *Cooke,* 1 *Bing.* 452;

*Berkley* v. *Presgrave,* 1 *East,* 220. *But see the language of the judge in Johnson* v. *Wilson, Willes,* 258.) If the covenant is joint and several, the covenantee may sue one or all. (*Platt on Cov.* 117, 118.) By a joint covenant, several may be answerable, each for himself, and also for the defaults of his co-covenantors ; and they are, in that respect, in effect, co-sureties for each other. And one may, it seems, in the same instrument, be bound for the performance of distinct acts by different persons. (*See Simson* v. *Cooke, supra ; Enys* v. *Donnithorne, supra ; Sorslie* v. *Park, supra.*)

In this case, the positive declaration that the liabilities of Hayes and King, and the payment by them of any sum to Root & Hoag, shall be in certain specified respective proportions, would seem to be too clear to admit of doubt as to the intention of the parties. But the court, in the action brought by Root & Hoag against these parties, must have considered that clause as only defining rights as between Hayes and King ; and not as impugning or qualifying the intention to be jointly bound as before expressed. But on whatever ground, in that cause, the decision was placed, judgment decides that they were jointly bound to Root & Hoag.

Their joint liability to Root & Hoag being established, in the absence of any stipulation to the contrary, their obligation to their surety must be considered co extensive. He has borne their burden, and liberated each of them from the liability for the whole debt ; and as a corollary to that, they should indemnify him. And he may proceed against each or all, for the whole. (*Poth. on Obligations,* p. 2, ch. 6, § 7, art. 1, §§ 1, 5. *Theo. Pr. & Sur.* 169, *ed. of* 1836. 14 *Ves.* 22. *Burge,* 360, 364.) And besides, he stands, in many respects, in the place of the creditors. I think there must be judgment for the plaintiff for the whole amount paid by him, and not already repaid to him

Ordered accordingly.

[Saratoga Special Term, June 21, 1852. *Hand,* Justice.]