By the Court.—Sedgwick, J.
The acceptance by defendant Lynch, of the conveyance of plaintiff to her, would have held her to the performance of any agreement on her part stated therein (Atlantic Dock Co. v. Leavitt, 54 N. Y. 35; Spaulding v. Hallenbeck, 35 Id. 206), although she did not sign. In her answer in this action she denied ever accepting the deed, averring in substance, that when she conveyed the property, she supposed that the plaintiff had conveyed to Leonard and Leonard to her. The plaintiff took the position, that Leonard acted as defendant’s agent when he accepted the conveyance made by plaintiff. The evidence on this issue was favorable to plaintiff, and there was no conflicting or explanatory testimony. The defendant had conveyed the land by a deed, in which her grantee agreed to pay the mortgage in question, “the same being a part of the purchase money of this conveyance.” In the foreclosure action of this mortgage, the complaint alleged that Fairchild (who is plaintiff here) sold and conveyed the premises to Lynch (the defendant here) by a deed in which “ the said Theresa Lynch assumed the said mortgage as part of the consideration on such purchase and agreed to pay the same.” She, by her verified answer, admitted that the present plaintiff sold and conveyed to her. Further, her answer alleged, “and this defendant received the said deed. And this defendant admits that this defendant received said land subject to said mortgage,” but she therein denied that she had ever agreed to pay the mortgage, and denied that under the deed to her, she was bound to pay the mortgage.
There was enough evidence, therefore, that Leonard acted as her agent in fact in accepting the conveyance, and that she thereupon became bound to perform any agreement on her part contained in it. The appellant claims that the following clause is an agreement by her *278 to pay the mortgage, viz: “Subject nevertheless to a certain indenture of mortgage, given by the party hereto of the first part to secure the principal sum of $15,000 and interest, which said mortgage is recorded, &c., and which said mortgage the party hereto of the first part assumes and agrees to pay, as part of the consideration hereinbefore expressed.”
A correct interpretation of this is that the mortgage is to be paid by the party of the second part, without a resort to the contract which the conveyance consummated or to any other extrinsic facts. There was plainly a mistake of the pen. There is no ambiguity in the words, but there is a mistake. The manifest intent was that whoever was to pay the consideration agreed to pay the mortgage. Theresa Lynch was to pay it, and she was by an error that happens often in speech, in writing, and in printing, designated as the party of the first part. There is no doubt as to who was meant to be designated.
If it is necessary to give a rule, which justifies this conclusion, that rule is verba intentionietnone contra debent inservire, ut res magis valeat quam pereat. This requires that the whole of the instrument shall be examined, and any part which is inconsistent with or repugnant to the intent of the whole instrument, as is shown with certainty by the other parts, is to be rejected or modified according to the intent.
In Jackson v. Topping, 1 Wend. 890, there was a condition that if the grantee neglected to pay certain debts of the grantor, and suffered the grantor to be put to cost or trouble on account of the same, the grantor might re-enter, &c. The case was that some of the debts had not been paid, but the grantor had not been put to any cost or trouble on account of such debts.' Although the law is never more subtle and exacting than in construing a condition, so that there may be no forfeiture, the court held that in view of the whole in *279 strument the conjunction “and” should be made to mean “ or,” and that a mere neglect to pay the debts without more, was a breach.
In Sanders v. Betts, 7 Wend. 287, the covenant of warranty against all persons claiming ‘ ‘ from and under him the said party of the second part” was construed so as to reject as repugnant to the rest of the covenant the words “the said party of the second part,” although the legal effect would be the same, as if the words were written party of the first part (Gardner v. Gardner, 10 Johns. 47).
In Buck v. Burk, 18 N. Y. 339, the contract was to deliver goods at not above 25 per cent, of the cost price, and the court held, counsel not arguing to the contrary, that it meant, 25 per cent, over and above the cost price, inasmuch as no other rational interpretation could be given to the terms, and the nature of the transaction and the circumstances forbidding any other construction.
In Morse v. Salisbury, 48 N. Y. 637, the action involved title to land, under a written contract made by B, which purported to convey all “ the land and timber excepting the hard wood ón 100 acres of land.” The contract was in duplicate and the other part delivered to B was the same excepting the word “bark” was in place of “land.” The court looked at both parts of the contract and the whole of them, and from them adjudged that “land” was not meant to be conveyed, thereby rejecting the word “land” as repugnant to the intent as learned from the whole taken together, and making it mean “ bark!”
In Bache v. Proctor, 2 Doug. 383, the condition of the bond was that if A should render a fair, just and perfect account of all sums received, “ the bond should be void.” A rendered a just account but did not pay over the sums received. Lord Mansfield said that the fair construction of the condition was that A should *280 pay. Justice Bulles likened the case to one in the common pleas where the condition of a bond was that it should be void, if the obligor did not pay, and the court held that the palpable mistake of a word should not defeat the true intention of the parties. Here he said it never could be meant that so large a penalty should be taken merely to enforce the making out a paper of items and figures.
In Mills v. Wright, 1 Freeman, 247, the bond was conditioned “if he do not pay the money, the bond should be void.” The court said that the condition was absurd and void, but the bond was good.
In 1 Saunders, 66, note b, it is said that the principle has been extended to promissory notes and a note containing the words “ I promise not to pay ” was held to be a valid promissory note (Bayley on Bills, 4 Ed. p. 6). Simpson v. Vaughan, 2 Atk. 32, contains a reference to a case where the note was for ‘‘ £20 borrowed and received, which I promise never to pay.” The latter clause was modified by the promise implied from the first clause. In Vernon v. Alsop, (1 Leo. 77, T. Ray, 68, 1 Sid. 105, 1 Kel. 356, 415, 451), there was a bond, with the condition to pay £7 by two shillings a week, until the £7 were paid, and if he failed of the payment of the 2 shillings at any of the days, whereon it ought to be paid, the obligation to be void else to remain in full force. The condition was rejected and there was a recovery upon the bond, after a plea that the defendant had failed to pay, &c.
In Furgerson v. Harwood, 7 Cranch, 413, the declaration set out a contract that the said Walter delivered to the said Enos three hogsheads of tobacco, “he the said Enos to be allowed per cent, therefor, the highest six months credit price.” The contract produced in evidence did not have the words “he the said Enos,” and Judge Stoet considered whether the contract would have been materially changed if those words had been *281 in. He said that it was very clear that the word “Enos” was by a mere slip inserted instead of “Walter.” It is repugnant to the sense and meaning of the contract that the creditor who received the tobacco at a stipulated price in part payment of his debt, should allow to himself that price. From the nature of the transaction the debtor must be entitled to the allowance. If the same words had been introduced into the written contract itself, they must have been rejected as nonsensical or repugnant, or have had imposed upon them a sense exactly the same as if the words had been “the said Walter.” Burr v. Broadway Ins. Co., 16 N. Y. 268, sustains the principles of these cases.
It has been hardly necessary to cite these cases, except to show that there was no need of resorting to equity, to reform the defendant’s agreement for mistake, but that, where the mistake appears from the instrument itself, the law will enforce the obligation according to its true legal construction.
There can be no doubt, that the rest of the deed’ shows that the amount of the mortgage was part of' the consideration, and from that it follows, that the mortgage, as between the parties to the conveyance,' was - to be paid by the defendant, the grantee.
I am therefore of opinion that the complaint should not have been dismissed, inasmuch as the plaintiff had made a prima facie cause of action, at law, even if. there was no case for a reformation of the agreement,. in equity, but that the court should have proceeded to judgment in favor of plaintiff, for the sum he had been compelled to pay on the mortgage, with, interest, the defendant not having demanded a trial by jury, or raised any objection on that account.
The judgment appealed from should be reversed,, with costs to appellant to abide the event.
Sanford, J., concurred.