MOSES B. POLINSKY, PLAINTIFF IN ERROR, *v.* THE PEOPLE OF THE STATE OF NEW YORK, DEFENDANT IN ERROR.

*Indictment — plea of guilty of all the counts — judgment thereon.*

Upon a plea of guilty of all the counts of an indictment, the court may give a general judgment, which will be upheld as valid, if applicable to any count thereof, even though several offenses of the same character, but varying in degree and in the punishment to be inflicted, are included therein.

*People* v. *Liscomb* (60 N. Y., 559) distinguished.

Where a department of a city government is authorized by the legislature to pass ordinances relating to some particular subject, such ordinances are not rendered void or inoperative by the fact that the acts forbidden by the ordinances are also forbidden by some general law applicable to the whole State.

WRIT of error to the Court of General Sessions of the city of New York, to review the conviction and sentence of the relator for bringing into the city of New York and offering there for sale impure and unwholesome milk.

The plaintiff in error pleaded guilty to the offenses charged in the indictment, which contained three counts, and was sentenced to the penitentiary for thirty days and to pay a fine of $200, and to stand committed until the fine was paid, not exceeding a day for each dollar.

*Hugh Coleman*, for the plaintiff in error.

*W. P. Prentice*, for the defendant in error.

DAVIS, P. J.:

The writ of error brings up simply the record of judgment. The plaintiff in error, on being arraigned, pleaded guilty to the several

offenses charged in the indictment. The only question presented for review is whether the judgment pronounced by the court below is a legal one. The indictment contains three counts; the first two are framed upon section 1 of chapter 544 of the Laws of 1864. That section is as follows: § 1. "Section 1 of chapter 467 of the act entitled 'An act to prevent the adulteration of milk, and prevent the traffic in impure and unwholesome milk,' passed April 23, 1862, is hereby amended so as to read as follows:

"Any person or persons who shall knowingly sell or exchange, or expose for sale or exchange, any impure, adulterated or unwholesome milk, shall be deemed guilty of a misdemeanor, and on conviction shall be punished by a fine of not less than fifty dollars for each and every offense, and if the fine is not paid shall be imprisoned for not less than thirty days in the penitentiary, or county jail, or until said fine shall be paid."

It is clear that the sentence cannot be upheld under the provisions of the statute, for the only punishment provided by the statute is a fine of not less than fifty dollars for each and every offense, and if the fine is not paid, imprisonment for not less than thirty days in the penitentiary or the county jail, or until such fine shall be paid. It follows, therefore, that the judgment of the court below must be reversed, unless it can be upheld under some other provisions of law. The third count is based upon an ordinance of the Sanitary Code, duly enacted and published by the board of health.

The ordinance is as follows:

"Section 186. No milk which has been watered, adulterated, reduced or changed in any respect, by the addition of water or other substance, or by the removal of cream, shall be brought into, held, kept or offered for sale at any place in the city of New York, nor shall any one keep, have or offer for sale in the said city any such milk."

By section 82 of chapter 335 of the Laws of 1873, the legislature conferred upon the board of health the power to enact ordinances for the city, and by section 12 of chapter 757 of the Laws of 1873, that power was confirmed and re-enacted. In *The People ex rel. Cox* v. *Justices of the Court of Special Sessions* (7 Hun, 214), this court, in a very careful opinion prepared by Mr. Justice DANIELS, held that the legislature has power to confer upon the board of health the author-

ity to enact and enforce ordinances of this character. So far, therefore, as this court is concerned, the constitutionality of the law authorizing the board of health to enact the ordinance set forth in the third count of the indictment, and the validity of such ordinance, are not open questions.

The statute (sec. 82 of chap. 335 of the Laws of 1873) declares that any violation of said act shall be treated and punished as a misdemeanor, and the offender shall also be liable to pay a penalty, of fifty dollars, to be recovered in a civil action in the name of the mayor, aldermen and commonalty of the city of New York."

By a general statute of the State, it is enacted, that " every person who shall be convicted of any misdemeanor, the punishment of which is not prescribed in this or some other statute, shall be punished by imprisonment in the county jail not exceeding one year, or by a fine not exceeding $250, or by both such fine and imprisonment." (2 R. S., 697 § 40.)

It was under this statute that the judgment of the court below was pronounced. It is well settled that upon a general verdict of guilty or upon a plea of guilty of all the counts of an indictment, the court may give a general judgment, which will be upheld as valid, if applicable to any good count of the indictment, and that it is no objection, that several offenses of the same character, although they vary in degree and in the punishment to be inflicted, are included in the same indictment. (*People* v. *Rynders*, 12 Wend., 425; *Kane* v. *People*, 8 Wend., 203; *People* v. *Baker*, 3 Hill, 159; *Lanergan* v. *People*, 39 N. Y., 39; *People* v. *Costello*, 1 Denio, 83.) And although it was held by the Court of Appeals in *The People* v. *Liscomb*, (60 N. Y., 559, overruling the unbroken common law of England of more than two centuries, and the established law of most of the States of this country [*vide* Bishop's Review of *People* v. *Liscomb;* Southern Law Review, March and April, 1877]) to be the law of this State, that upon separate convictions of such misdemeanors, but one sentence can be pronounced, yet that decision does not conflict with the rule stated above. There was but a single judgment, and if there can be any count in the indictment, upon which that judgment was legal, it ought to be sustained.

But it is insisted that the ordinance is void because the acts prohibited by it are made offenses, and may be punished under a gen-

eral statute. It is hardly necessary to discuss that question, because it is apparent upon the face of the statute and the ordinances that the offenses are not the same. The statute forbids any person to knowingly sell or exchange, or expose for sale or exchange, any impure, adulterated or unwholesome milk. The ordinance provides that no milk which has been watered, adulterated, reduced or changed in any respect, by the addition of water or other substance, or by the removal of cream, shall be brought into, kept, or offered for sale at any place in the city of New York.

The ordinance is much broader than the statute. It prohibits any person from bringing into the city for sale, milk which has been watered or otherwise tampered with, as mentioned in the ordinance; and that offense is distinctly charged in the third count of the indictment. It is one not covered by the statute, and in that respect there is certainly no conflict between the statute and the ordinance.

The plaintiff in error has pleaded guilty of that offense, and though the indictment contains allegations of other acts which might perhaps be covered also by the general statute, that fact does not affect the validity of the sentence for the offense charged in the count which is not within the statute. The misjoinder, if there were any, of two offenses in the same count of the indictment, would not avail the plaintiff in error, at this stage of the case.

We do not understand it to be the law that an ordinance substantially authorized by the legislature to be adopted by a department of the city is void or inoperative, because the act forbidden by the ordinance is also forbidden by some general law applicable to the whole State. Bishop, the ablest of our writers on criminal law, states the rule in these words: "The true doctrine appears to stand thus: If the statute so authorizes, it is not apparent why a city corporation may not impose a special penalty for an act done against it, while the State imposes also a penalty for the same act done against the State. It is so where an act is in violation of the laws, both of the United States and of a State." (Bishop on Statutory Crimes, §§ 20, 23 ; *Roger* v. *Jones*, 1 Wend., 237.) But in this case the penalties are not imposed by the ordinance. The ordinance, simply by virtue of power conferred by the legislature, prohibits the act. It is the statute that declares the violation of the ordi-

nance to be a misdemeanor; and it is a statute that imposes the penalty for such misdemeanor. And when it is ascertained that a misdemeanor charged in an indictment based upon the violation of the ordinance is not one for which punishment has been specially provided by some other statute, it falls within the provision of the Revised Statutes above cited. (2 R. S., 697, § 40.) This is clearly true in respect of the offense of bringing milk which has been watered, adulterated, changed or reduced in any respect by the addition of water or other substance, or the removal of cream, into the city for sale; and hence, as to that particular misdemeanor, there is no difficulty in seeing that no punishment is provided for it by chapter 544 of the Laws of 1866, because it is not an act prohibited in that statute.

The judgment and conviction should be affirmed.

BRADY and DANIELS, JJ., concurred.

Judgment affirmed.