## NEW YORK LIFE INS. CO. *v.* AITKIN.

(*Superior Court of New York City, General Term.* May 6, 1889.)

EVIDENCE—PAROL TO VARY WRITING—PATENT MISTAKE.

The vendee of mortgaged premises, who had assumed the mortgage, afterwards conveyed the premises to defendant by a deed reciting that the conveyance was made subject to a mortgage "made and executed by the said party of the first part" to plaintiff, which defendant assumes. There was no mortgage on the premises except the one assumed by defendant's grantor. *Held*, in an action for a deficiency after foreclosure, that parol evidence was admissible to show that the mortgage assumed by defendant was the same one that defendant's grantor assumed.

Appeal from jury term.

Action by the New York Life Insurance Company against James Aitkin, executor of Helen E. Aitkin, deceased. The complaint was dismissed at the trial, and plaintiff appeals.

Argued before SEDGWICK, C. J., and FREEDMAN and O'GORMAN, JJ

*Henry G. Atwater*, for appellant.  *Johnston & Johnston*, for respondent.

FREEDMAN, J.   This action is brought on an assumption clause in a deed. On December 3, 1868, Phœbe T. Drew and John G. Drew, her husband, made a certain indenture of mortgage to the plaintiff, whereby they mortgaged certain premises therein described to the plaintiff to secure the payment to plaintiff of the sum of $4,000, and interest.   On December 15, 1869, the said Phœbe T. Drew and John G. Drew conveyed the said mortgaged premises to John Gregg by a deed, wherein he (Gregg) covenanted and agreed to pay the mortgage aforesaid.   On December 28, 1870, the said John Gregg and Phœbe Gregg, his wife, conveyed the said premises to Helen E. Aitkin.   This deed contained an assumption clause in the following words: "And that this conveyance is made subject, nevertheless, to the lien of a certain mortgage made and executed by the said party of the first part to the New York Life Ins. Co., bearing date the 3d day of December, 1868, to secure the sum of four thousand (4,000) dollars, lawful money of the United States, with interest thereon, which mortgage, forming a part of the consideration money hereinbefore expressed, and having been deducted therefrom, the said party of the second part hereby assumes and undertakes to pay, and to indemnify and to save said party of the first part harmless therefrom." This is the assumption clause on which this action is brought.   Helen E. Aitkin entered into possession of the premises so conveyed, and remained in possession as owner thereof for a considerable time thereafter.   Subsequently she died, leaving a will, which was duly admitted to probate by the surrogate of the city and county of New York on the 16th day of March, 1875, and letters testamentary were issued thereon to the defendant James Aitkin, the executor named in said will, who ever since has been, and now is, the sole executor of said Helen E. Aitkin.   On March 5, 1880, the said mortgaged premises were duly sold by decree of the court of chancery of New Jersey in a suit to foreclose the plaintiff's mortgage.   Not enough was realized to satisfy the amount due thereon.   The deficiency remaining due, and owing to the plaintiff, for which the plaintiff holds no security of any sort, amounts to $1,590.80, with interest thereon from March 5, 1880.   To recover this sum, and interest, the present action was brought. At the trial plaintiff's complaint was dismissed on the ground that in the deed to defendant's testatrix, which contains the assumption clause sued upon as above set forth, the description of the mortgage assumed is erroneous, and that parol evidence was not admissible to correct the erroneous description, and to show what mortgage was intended to be assumed.

In this the learned trial judge erred.   The description of plaintiff's mortgage was in all respects correct except as to the name of the mortgagor.   The party of the first part (*i. e.*, John Gregg) could not have been such mortgagor, because at the time of the execution of the mortgage he was not the owner

of the premises. Four thousand dollars had been deducted from the purchase price on account of a mortgage on the property for that amount, and there was but one mortgage on the property, as it was understood by the parties, for there was a covenant that the premises were free from incumbrances, which, taken in connection with other parts of the deed, meant that there was no incumbrance but the mortgage mentioned. The payment of this mortgage was assumed, for there is no uncertainty or ambiguity as to the personal undertaking. After all this the plaintiff was prepared to show, if it had been permitted, that no other mortgage held by the plaintiff could have been intended, because it never had but this one mortgage on the premises, and that subsequently Helen E. Aitkin paid interest to the plaintiff thereon. This evidence was admissible. The object of the assumption clause was to have the grantee assume some obligation resting on the grantor. Gregg was liable for the amount of the mortgage, because he had assumed it in the deed to him. If the words "made and executed by the party of the first part" are construed to mean "assumed by the party of the first part," the description is perfect. Upon the whole case, especially with the aid of the rejected evidence, the intent of the parties is apparent without any doubt. The case, therefore, being one in which the mistake appears from the instrument itself, and where the intent of the parties can be ascertained without any doubt, the law will enforce the obligation according to its true legal construction, and there is no need of resorting to equity to reform the instrument. This precise point has been determined by this court, after a review of authorities, in *Fairchild* v. *Lynch*, 10 Jones & S. 265, and a reference to that case is all that is necessary here. The claim of the defendant that, inasmuch as the mortgaged premises were situate in the state of New Jersey, the law of that state should be considered, requires no examination now, because no such question was raised below. If there is a difference between the law of this state and that of New Jersey, of which the defendant can take advantage, it should be shown in some competent way upon the new trial. The judgment should be reversed, and a new trial ordered; with costs to the appellant to abide the event. All concur.